| 7 | 539 |
| 108 | 211 |
| 7 | 539 |
| 110 | 478 |

## MALINDA L. SEARS, Administratrix, *v.* BOYD BEARSH et al.

This suit was brought against the sureties upon an appeal bond. *Per Curiam:* The appeal was dismissed because there was no legal order of appeal, which, in legal intendment, is equivalent to no order at all; and without such an order, the clerk had no authority to take the bond. The maxim, that in whatever manner a man binds himself, he shall remain bound, is not applicable to a case of this kind.

The liability of sureties upon judicial bonds, is fixed by the law which authorizes the taking of the bonds.

When the inducement for signing an appeal bond is the supposed existence of an order of appeal, which does not exist, the party signing will be relieved on the ground of error.

APPEAL from the District Court of the Parish of Morehouse, *Sharp*, J. *McGuire* and *Ray*, for plaintiff. *Baker* and *Robertson*, for defendants. By the court:

ROST, J. The plaintiff sues the sureties of *John B. Wilson*, on an appeal bond, given by him in a suit of the said plaintiff against *Wilson* and others. The defence is, that the consideration of the bond has failed; that there never was any legal order of court for an appeal of any kind; and if any bond was given, it was null and void for the want of such an order.

There was judgment in favor of the only defendant against whom the case was tried, and the plaintiff has appealed.

When the case in which the bond was given came before the Supreme Court, the plaintiff, by her counsel, moved for the dismissal of the appeal, on the ground that it did not appear on the record, that the appeal was granted on the motion of the appellant in open court, as required by the statute in cases where the appeal is not taken by petition and citation served on the appellee. The motion prevailed, and the appeal was dismissed. 4 Ann. 525.

The appeal was dismissed, because there was no legal order of appeal, which, in legal intendment, is equivalent to no order at all. And without such an order, the clerk had no authority to take the bond. The maxim, that " in whatever manner a man binds himself, he shall remain bound," is not applicable to a case of this kind. It has been repeatedly held, that the liability of sureties on judicial bonds is fixed by the law which authorizes the taking of the bonds ; and, as no law authorized the taking of this bond, without a previous order of appeal being obtained, it must remain in opperative. *Slocomb* v. *Robert*, 16 L. R. 174. *Welsh* v. *Thorne*, Ib. 196. *Boswell* v. *Lynhart*, 2 L. R. 398. *Bach* v. *Morrison*, 4 Ann. 373.

It is true, moreover, as argued by the defendant's counsel, that the inducement of the defendant for signing the bond, was the supposed existence of an order of appeal, and that the error under which he labored would alone entitle him to relief. C. C. 1890.

It is said, that under the view which we take of the law, debtors, by obtaining informal orders of appeal, may delay the pursuit of their creditors without endangering their sureties. The order of appeal is under the direction of the judge, and it is not to be presumed that he will connive with litigants to frustrate the ends of justice.

The judgment is affirmed, with costs.