No. 321.—CONSOLIDATED ASSOCIATION OF THE PLANTERS OF LOUISIANA
*v.* J. W. MASON et als.

An appeal that has been taken before the judgment is signed is nugatory, and another appeal taken after the judgment is signed is in no manner affected by the one taken before the signing.

The time allowed by law for taking a devolutive appeal only commences to run from the date of the signing of the judgment, and in case the appeal is taken by motion in open court at the same term the judgment is signed, citation of appeal is unnecessary.  23 An. 618.

The acts of the General Assembly of Louisiana providing for the liquidation and settlement of the Consolidated Association of the Planters of Louisiana, under the management of a board of directors, who are autho ized to do every thing necessary to effect the liquidation, must be held as authorizing them to stand in judgment.

A mortgage given on a tract or body of land is sufficiently descriptive if it is reasonably accurate and full in itself so as to inform the public what property is covered by it without stating the township, range and section in which it lies.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita.   *Ray, J.   Morrison & Farmer,* for plaintiff and appellant. *Stubbs & Cobb* and *Richardson & McEnery,* for defendants and appellees.

HOWELL, J.   The appellees move to dismiss on the grounds:

*First*—Appellants have taken and abandoned an appeal in this case, which was returnable to this court on the third Monday of July, 1870, and they can not renew their said appeal.

*Second*—More than a year elapsed between the dates of the rendition of the judgment and the order of this appeal.

*Third*—This appeal was taken in open court at a time subsequent to that at which the judgment was rendered, and no citation of appeal issued.

These grounds are insufficient. When the first appeal was asked for and granted the judgment was not signed and the appeal was nugatory. The judgment was signed in April, 1872, when it became final and appealable, and at the same time an appeal was taken in open court on motion, and no citation was necessary. 23 An. 618; 20 An. 499; 11 An. 181; 4 An. 106; C. P. 546, 565. Motion refused.

This is an hypothecary action to enforce the payment of certain contributions on the stock subscriptions of J. W. Mason and wife as subscribers to the stock of the Consolidated Association of the Planters of Louisiana, and holders of eight shares thereof on the property mortgaged to secure the subscription money therefor, and as authorized under acts of the Legislature incorporating said association, and the various acts relative to the proposed banks, and especially the act approved February 26, 1866, entitled "an act providing for the final liquidation of the Consolidated Association of the Planters of Louisiana."

The widow and administratrix of J. W. Mason and E. Tisdale, one of the third possessors, except to the petition, "that the charter of the bank has been declared forfeited, and that the president and directors of said bank, whose petition defendants are called on to answer, are without authority to sue, and consequently can not stand in judgment."

We think a fair interpretation of the statutes above referred to recognizes the existence of the corporation for the purpose of its liquidation, in the interest of the State, under the management of directors, who are authorized to do every thing necessary to effect the liquidation, including the authority to stand in judgment.

Hart, another third possessor, filed an exception that the land mortgaged is not sufficiently described in the act, and the mortgage is void for uncertainty, and that the record of the mortgage being in the French language is not binding on third possessors.

The description is in the following words: "Une terre de cinque arpents de face, limitrophe à la ville de Monroe, sur quarante arpents de profondeur, dont cinquante arpents seulement sont cultivés en coton et maïs, le surplus étant en trois actions." The act was executed in April, 1830. The article of Code (3306), relied on by exceptor, says: "To render a conventional mortgage valid, it is necessary that the act establishing it shall state precisely the nature and situation of each of the immovables on which the mortgage is granted."

The question arises, does the above description conform to the rule

there prescribed? Does it state first the nature of the immovable? The answer must be in the affirmative: a tract of land. Does it state, secondly, the situation of the immovable? It says, a tract of land of five arpents front, bounding or adjoining the town of Monroe, with forty arpents in depth, of which fifty arpents only are cultivated in cotton and corn, the balance in standing timber. We presume that in April, 1830, when Monroe was a village, no one would have been at a loss to identify the property from this description of its situation. It was a tract of land of five arpents in width or front and forty arpents in depth, making two hundred arpents; its front adjoined or bounded the village of Monroe in such a position necessarily as to run back forty arpents in depth; the village of Monroe at that date was not so large a one as to create the presumption that there were many tracts of land of those dimensions and position, belonging to Mr. and Mrs. J. W. Mason, adjoining or bounding it. But the description is still more precise: at that date only fifty arpents of the tract of two hundred were in cultivation in cotton and corn. It was therefore a small plantation belonging to Mr. and Mrs. J. W. Mason, and adjoining the village of Monroe, of which fifty arpents were then cultivated in cotton and corn and the balance was in standing timber. The situation of the property was adjoining or bounding the town of Monroe, and of such a shape, quantity and position, as to inform any reasonable man of ordinary experience examining the public records for incumbrances on Mr. and Mrs. Mason's property, where the land was which they mortgaged to the Consolidated Association of the Planters of Louisiana on the seventeenth April, 1830. As said in Hyde v. Bennett, 2 An. 799, the description must be reasonably accurate and full in itself so as to inform the public what property is covered. And in Ells v. Sims, same volume 251, it was said: A distinction may be fairly made between urban and rural estates, and greater minuteness and accuracy of detail might properly be required in the former than in the latter case. The question is whether, under the circumstances, any one contracting with the mortgagor, or in any wise trusting him, or interested as a creditor, would have been misled or kept in the dark by the omission to state the township, range and section in which the land is situated. See also 2 An. 371, 471; 12 An. 148; 21 An. 396.

We are not prepared to fix the line between a valid and invalid or sufficient and insufficient description, which shall serve as a guide in all future cases. Each case must depend on its own circumstances. In this case we can not say that the act is so deficient in the description of the property in regard to its nature and situation as to render the mortgage invalid.

The remaining question, as to the act being in the French language, was elaborately examined by the Supreme Court in the case of Tighl-

man v. Dias, 12 O. S. 692, and was decided adversely to the view of the exceptors. This ruling has been since adhered to. See 3 N. S. 551; 3 An. 123. Whether article 109 of the present constitution has worked a change on this subject, it is unnecessary now to decide.

We have come to the conclusion that the exceptions in this case were erroneously sustained.

It is therefore ordered that the judgment appealed from be reversed, that the exceptions filed by the defendants be overruled and that this cause be remanded to be proceeded with according. to law—defendants to pay costs of appeal.