LeBlanc vs- Rougeau.

---

## No. 9881.

### ELVINA LeBLANC VS. AMBROISE ROUGEAU.

An appeal will not be dismissed where the bond was furnished *before* the order of appeal was granted, for an amount corresponding with that fixed in the order.

A married woman, separate in property, is properly authorized by the district judge to sell her paraphernal estate, when her husband is unable and fails to minister unto her necessities, and she has no other means of supporting herself.

The refusal of the husband to give his sanction to such sale being unfounded. can lawfully be supplied by that of the judge.

APPEAL from the Twenty-second District Court, Parish of Ascension.   *Duffel*, J.

*E. N. Pugh* and *P. Leche*, for Plaintiff and Appellee.

*R. N. Sims*, for Defendant and Appellant.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The appellee contends that the appeal should be dismissed because the bond was furnished before the order of appeal was signed.

The petition for an appeal was filed on the 13th of December, 1886. The district judge, who had recused himself, signed the order of appeal on the same day.   The bond was filed on the 15th following for the amount fixed in the order.

On that same day, the judge *ad hoc*, who decided the case on its merits, signed the same order of appeal.

In this court, however, his *affidavit* at foot of the motion to dismiss, shows that he signed the order on the 16th.

The appellant is in no way in fault. If the order of the district judge was a nullity, it was a blank order, which could produce no effect. The appellant then furnished a bond for an unauthorized amount, dependent for its validity on the giving of an order of appeal requiring a bond for a like amount.

It so happens that the order made by the judge *ad hoc* fixed *that* amount.

Had the order required a larger amount the appellant would have had to furnish another bond for that amount.

The motion to dismiss cannot prevail, and it is overruled.

### ON THE MERITS.

The defendant appeals from an order authorizing the plaintiff, his wife, to sell certain real estate belonging to her as paraphernal property, which is worth more than two thousand dollars. The order was contradictorily rendered. R. C. C. 125.

The evidence shows that the plaintiff is separated in property from her husband; that she has no other means of supporting herself; that her husband lives separate from her, and does not provide for her necessities, or minister unto her wants, no doubt because of his inability to do so.

The judge *ad hoc* did not consider the refusal of the husband justified by the circumstances, and we cannot say that it is founded; to say nothing of the apparent absence of interest on his part in the matter.

Judgment affirmed.