## No. 13,296.

### H. P. NICHOLLS vs. CLARA MADDOX.

### SYLLABUS.

An exception of no cause of action having been sustained and suit dismissed, a judgment should have been written and signed by the judge, as the decree is in the nature of a final judgment.

APPEAL from the Twelfth Judicial District, Parish of Calcasieu. *Read, J.*

*Paul A. Sompayrac* for Plaintiff, Appellant.

*R. P. Williams.* Curator *ad hoc,* for the Defendant, Appellee.

### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J. The motion to dismiss rests on the ground, that the judgment sought to be appealed from is a final judgment, and that same not having been signed by the judge *a quo,* the appeal is premature—an exception of no cause of action having been sustained and suit dismissed.

The contention of counsel is, that such a decree is a final judgment, and should have been signed by the District Judge. Code of Practice, Art. 546; Saloy vs. Collins, 30 Ann., 63; State *ex rel.* Dixon vs. Judge, 26th Ann., 119.

The averment of the plaintiff's petition is, that he is a resident of the parish of Calcasieu, and that he married the defendant, Clara Maddox, in the State of Michigan, in February of 1888, and in accordance with the laws of that State; that he lived with her in peace and happiness; but found that, for reasons of health and business, it was necessary for him to leave said State.

That he has resided in Lake Charles, Calcasieu parish, Louisiana, for several years past, and been engaged in a legitimate occupation, and has established a domicile in said town and State.

That he saw his said wife for the last time, in another State, during the month of August, 1897, and he then urged her to come to the home he had established—and has repeatedly urged her since to come—but that notwithstanding his requests and offers to pay her expenses to that point, she has persistently refused to come.

That his said wife has, in fact and law, abandoned him, and he wishes to obtain a judgment of separation from bed and board from her, and, in due course, a final divorce.

Petitioner represents, that his wife now resides in the State of Michigan, and that it is necessary to appoint an attorney to represent her.

Thereupon, his prayer is, that his said wife be duly cited and served to appear and answer his petition in the district court for the parish of Calcasieu, Louisiana, and that she be, thereby, admonished to come to his home in that parish, and there abide; that notice be served upon

the defendant through an attorney appointed to represent her, for three successive months, and that after due proceedings and the necessary lapse of time, he have and recover a final judgment, granting him an absolute divorce, and dissolving the bonds of matrimony existing between them.

Thereupon, the court appointed an attorney to represent the absent defendant in the aforesaid proceedings, and ordered that the notices prayed for, issue and be served.

To this petition, the defendant appeared through the curator *ad hoc* thus appointed, without in any way answering or pleading to the merits, and excepted that plaintiff's petition sets forth and contains no legal cause of action against the defendant, and prayed that the suit be dismissed.

Said exception was argued and submitted, and maintained by the judge *a quo,* and the suit dismissed.

The ground on which the motion was predicated and sustained, is thus stated in the brief of the curator *ad hoc,* to-wit:—

"If a cause of divorce or separation occurred in the State of Mich-
" igan where the parties were married and where the wife still resides,
" no jurisdiction can be exercised in this State in such cases."

The effect of the decree of the district court sustaining the exception of no cause of action is, necessarily, in the nature of a final judgment, and has the effect of terminating the litigation upon the issues stated. In other words, the same suit could not be renewed and another judgment provoked on the same cause of action.

Such being the case, a judgment should have been rendered and signed by the judge *a quo;* and this not having been done, the appeal is, necessarily, premature.

We deem it unnecessary to analyze the jurisprudence upon this question, but regard it sufficient to cite a few pertinent decisions.

Klotz vs. Macready, 35th Ann., 596; Ruthenberg vs. Helberg, 43 Ann., 410; State *ex rel.* Poche vs. Judge, 42nd Ann., 311; Cary vs. Richards, 35th Ann., 505; Ferguson vs. Chastant, 35th Ann., 485; Baker vs. Frellsen, 32nd Ann., 822; Granger vs. Singleton, 32nd Ann., 898; Fields vs. Gagne, 33 Ann., 339; Church Wardens vs. Perche, 36 Ann., 160.

For the foregoing reasons and authorities, our conclusion is that the appeal was premature.

Appeal dismissed.