(49 South. 655.)

No. 17,434.

MITCHELL v. SHREVEPORT CREO-SOTING CO.

(May 24, 1909.)

1. APPEAL AND ERROR (§ 134*)—FINAL JUDGMENT.

A minute e try reciting that the court maintained an exception of "no cause of action" filed by the defendant in a certain case does not show a judgment which authorizes an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 898; Dec. Dig. § 134.*]

2. APPEAL AND ERROR (§ 337*)—ENTRY OF JUDGMENT—NECESSITY.

Where a judgment maintaining an exception of "no cause of action" has been rendered, and the suit dismissed, an appeal is premature until the judgment has been signed, and will be dismissed. Hauch v. E. C. Drew Co., 116 La. 488, 40 South. 847.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1877; Dec. Dig. § 337.*]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Andrew Jackson Murff, Judge.

Action by Moses Mitchell against the Shreveport Creosoting Company. Judgment for defendant, and plaintiff appeals. Dismissed.

John B. Files and Hugh Conniff Fisher, for appellant. Thatcher & Welsh, for appellee.

NICHOLLS, J. This suit is one for damages for personal injuries alleged to have been received from the fault and negligence of the defendant. The defendant excepted that plaintiff's petition disclosed no cause of action. A copy of the exception is in the transcript. The minutes of October 21, 1908, show under the title of the case the filing of that exception; those of November 18, 1908, that that exception was argued. Those of December 2d contain the following entry: "Moses Mitchell
    v.    Exception sustained. (See decree.)" "Shreveport Creosoting Company."

We find no decree in the record. Plaintiff has taken an appeal. In the bond executed by the plaintiff it is recited that plaintiff has taken an appeal from the judgment lately rendered in the First judicial district court for the parish of Caddo in

the case of Moses Mitchell v. Shreveport Creosoting Company, Limited.

Defendant has moved to dismiss the appeal taken on the ground that, while it appeals "from the minutes kept by the clerk that the exception of no cause of action was sustained," no judgment was written nor signed by the court.

Defendant urges that a minute entry purporting to be the clerk's recital of the court's action in sustaining a demurrer to a petition does not show a sufficient judgment to authorize an appeal or a review. Counsel cite Richter v. Koopman, 131 Ala. 399, 31 South. 32; Cowan v. Campbell, 131 Ala. 214, 31 South. 429; Ferrell v. City of Opelika, 144 Ala. 135, 39 South. 249; Gabbart & Co. v. Bauer (Miss.) 38 South. 548; Wallace v. Crosthwait, 139 Ala. 529, 36 South. 622.

He contends that when a judgment sustaining an exception of no cause of action has been rendered, no appeal therefrom can be sustained until it has been written out and signed. In support of that position, he refers to 2 Century Digest, tit. "App. & Error," § 1877; Nicholls v. Maddox, 52 La. Ann. 496, 26 South. 994; Hauch v. E. C. Drew Co., 116 La. 488, 40 South. 847.

Appellant has not argued this motion nor submitted a brief.

The motion to dismiss is well founded. The appeal is hereby dismissed.