LIMITATION OF ACTIONS (§ 195*)—BURDEN OF PROOF—PRESCRIPTION.

The burden of proof is on the party who pleads prescription.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 711–716; Dec. Dig. § 195.*]

Appeal from Tenth Judicial District Court, Parish of Tensas; George H. Clinton, Judge ad hoc.

Action by N. B. Hunter against S. W. Martien and wife. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Young & Young, of St. Joseph, and Hugh Tullis, of Vidalia, for appellant.

SOMMERVILLE, J. The plea of prescription of one year, filed by the defendant wife, to a suit filed in 1913, to have a dation en paiement made to her by her husband in 1908 declared to be a simulation and to be set aside, should be supported by evidence, in the absence of sufficient averments in the petition to sustain the plea. It does not appear whether the dation was preceded by a judgment in favor of the wife, or not. The petition is not entirely clear as to whether it is therein alleged that the dation complained of was a simulation, or an act sought to be revoked on the grounds set forth. Cross on Pleadings, §§ 324, 331; Lawson v. McBride, 121 La. 282, 46 South. 312; Olivier v. Majors, 133 La. 764, 63 South. 323.

The transcript in the case is so insufficient, and is so carelessly prepared, that it cannot serve the court for the purposes for which it was designed. It does not show that any evidence was offered on the trial of the plea of prescription, or that the case was put at issue by S. W. Martien, or that it was tried on the merits, although there is a judgment dismissing plaintiff's suit at his cost.

It is ordered, adjudged, and decreed that the judgment appealed from be reversed, that the plea of prescription filed by Mrs. Ella H. Martien be referred to the merits, and that the case be remanded to the district court to be tried in accordance with law. Costs of appeal to be paid by appellees.

———

(65 South. 487)

No. 19,946.

HANCHEY v. ST. LOUIS, I. M. & S. RY. CO.

(May 25, 1914.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 123*)—JURISDICTION—DISMISSAL.

This court has no appellate jurisdiction of a case until a final judgment is signed in the court below. Therefore, when the attention of the court is called to the fact that the judgment of the district court was not signed before the transcript of appeal was filed in this court, the appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 875–881; Dec. Dig. § 123.*]

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Action by E. W. Hanchey against the St. Louis, Iron Mountain & Southern Railway Company. From judgment for defendant, plaintiff appeals. Appeal dismissed.

Wear & Jones, of Jena, for appellant. Hudson, Potts & Bernstein, of Monroe, for appellee.

O'NIELL, J. The judgment in this case was pronounced orally in the district court on the 28th of March, 1913, "in favor of the defendant, dismissing plaintiff's action at his cost." On the same day, an appeal was granted the plaintiff, returnable to this court on the 5th of May, 1913. The transcript was filed here on the 8th of May, 1913.

On the 13th of March, 1914, the appellee filed a motion to dismiss the appeal on the ground that no judgment had been signed in the district court, and therefore this court was without jurisdiction of the matter in controversy.

On the 30th of March, 1914, appellant's counsel filed in this court a petition for certiorari, alleging:

"The transcript filed herein is incomplete for the reason that same does not contain a copy of the judgment which was rendered, read, and signed in open court and filed in this case, * * * and that the presence of a copy of said judgment in the record or transcript of this case is necessary for a decision of the case by this court."

This motion did not inform us when the judgment was read and signed. The writ of certiorari was issued upon the suggestion and upon the ground "that the transcript of appeal was incomplete and defective," the then Chief Justice, evidently believing that the judgment had been written, read, and signed before the appeal was perfected, and that the only omission was the failure to copy the judgment into the transcript. The return on the writ of certiorari discloses, however, that the transcript was not incomplete or defective when it was sent to this court, because no judgment had been signed or written. The copy of the judgment and minutes of that date recite that the judgment was "rendered, read, and signed on the 23d day of March, 1914"; that is, 10 days after the appellee had filed the motion to dismiss the appeal.

The appellee was not notified of the application for certiorari, or of the issuance of the writ, and it seems that its attorney did not know that a judgment had been signed in the court below and transmitted to this court until the case was called for argument. He then filed a motion to rescind the order and writ of certiorari, which motion was unnecessary, and may be disposed of with the statement that, if the writ of certiorari was is-

sued improvidently, it can have no effect upon the appeal.

The motion to dismiss the appeal is to be considered and disposed of according to the situation and condition of the case at the time the motion was filed. At that time, no judgment had been signed. This court is without appellate jurisdiction of a case until a final judgment is signed in the court below; otherwise the district court would not have had jurisdiction to sign the judgment.

The appellant's argument that the motion to dismiss the appeal came too late has no merit, because it has been decided repeatedly that, if there has been no judgment signed in the court below, this court will, of its own accord, take notice of the fact that it is without appellate jurisdiction and must dismiss the appeal. See Executors of Bird v. Bird, 23 La. Ann. 262, and Labatte v. Durruty, 20 La. Ann. 583, citing Whittemore v. Watts, 4 Rob. 47; Mechanics' & Traders' Bank v. Walton, 7 Rob. 451; Chartier v. Police Jury, 9 La. Ann. 42.

For the reasons assigned, the appeal is dismissed at appellant's cost.