(81 South. 326)

No. 22885.

Succession of IBOS.

(Jan. 28, 1918.  On the Merits, March 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⊝⊃397—TERM—SIGN-
ING OF JUDGMENT—DISMISSAL.

Where a judgment was signed at a term
after that at which it was rendered and writ-
ten, and appeal was taken at a subsequent term,
after signature, by motion in open court, with-
out citation of appeal other than that resulting
under Code Prac. arts. 573, 574, the appeal
would not be dismissed, because not taken at
term at which judgment was rendered, as a
judgment is not rendered and appealable until
it has been signed.

On the Merits.

2. COURTS ⊝⊃224(11)—APPELLATE JURISDIC-
TION — AMOUNT — CONSTITUTIONAL PROVI-
SIONS.

Where the judgment in opposition to an ex-
ecutrix's final account involved the correctness
of the debits, involving the distribution of over
$8,000, the calculation of an auctioneer's com-
missions on proceeds of sales amounting to more
than $7,000, the fund to be distributed exceed-
ed $2,000, so as to give the Supreme Court ju-
risdiction, under Const. art. 85.

3. EXECUTORS AND ADMINISTRATORS ⊝⊃513
(15) — SUCCESSION — ACCOUNTING — SUFFI-
CIENCY.

Where an executrix was to be charged with
$8,555.46, and her account showed that she had
either paid or proposed to pay out $20.01 more
than was realized on the sale of the assets of
the estate, she had reasonably accounted for all
that she received.

4. EXECUTORS AND ADMINISTRATORS ⊝⊃401
—SUCCESSION — EXPENSES OF SALE — AUC-
TIONEER'S CHARGES.

Where an auctioneer, employed to sell prop-
erty belong to the estate, including the adver-
tising, received a rebate of one-third of the ad-
vertising charge from the newspapers, the estate
was entitled to the benefit of the reduction, and
the auctioneer's charge was properly reduced
by that amount.

5. EXECUTORS AND ADMINISTRATORS ⊝⊃401—
SUCCESSION—EXPENSES OF SALE—COMMIS-
SIONS—AMOUNT.

An auctioneer's claim for a commission of
2½ per cent. for selling the property of an es-
tate, where the amount was less than $10,000,
would be reduced, so as to allow 2 per cent. on
the gross amount of property sold, as provided
by Act No. 130 of 1914.

Appeal from Civil District Court, Parish
of Orleans; Fred D. King, Judge.

In the matter of the succession of Eugene
Ibos.  To the final account of Mrs. A. Bour-
dette, executrix, John Ibos, an heir, appeals,
and files opposition, and from a judgment re-
quiring an accounting of a sum other than
shown by her accounts, and from an allow-
ance to opponent and the denial of her mo-
tion for a new trial, the executrix appeals,
and Perrin, Latter & Blum, creditors, ap-
peal from a reduction of their claim.  Mo-
tion by opponent to dismiss appeals over-
ruled, and judgment amended to relieve ex-
ecutrix from further accounting, fixing the
claim of the creditors, and striking the al-
lowance to opponent, and otherwise affirmed.

W. Alexander·Bahns, of New Orleans, for
appellant testamentary executrix.

James Legendre and Armand Romain,
both of New Orleans, for appellee Ibos.

PROVOSTY, J.  [1]  The judgment appeal-
ed from was signed at a term of court sub-
sequent to that at which it was rendered and
written; and the appeal was taken at this
subsequent term, after signature.  It was
taken by motion in open court; and there
was no citation of the appellee, other than
that resulting from the provision of the Code
of Practice to the effect that, when the ap-
peal is taken "by motion in open court at
the same term at which the judgment was
rendered, * * * no citation of appeal, or
other notice to appellee, shall be necessary."
Articles 573 and 574.

The question is whether the appeal is to
be considered as having been taken at the
same term at which the judgment was ren-
dered.

We think so.  A judgment is not consider-
ed as rendered and appealable until it has

been signed. Thiele v. Crutcher, 20 La. Ann. 499; Orleans, etc., v. International, etc., 113 La. 409, 37 South. 10.

Motion overruled.

### On the Merits.

DAWKINS, J. This is an appeal by the executrix and a creditor from a judgment sustaining in part the opposition of one of the heirs to her final account.

The judgment appealed from reads as follows:

"This cause came up for trial this day, and a new trial granted herein on the opposition of John Ibos to the account filed by the administratrix.

"All the evidence formerly submitted on the first trial being considered:

"It is ordered, adjudged, and decreed that there be judgment in favor of John Ibos, and against the administratrix herein, ordering said administratrix to account for the sum of three hundred five dollars and eighty-one cents ($305.81), in addition to the total cash amounting to eight thousand three hundred fifty-one dollars and forty-six cents ($8,351.46), admitted by her to be in her possession according to her account.

"It is further ordered that the amount due Perrin, Latter & Blum, Auctioneers, for advertising and selling the property of this estate, be reduced as follows: That the amount to be paid for advertising be reduced from two hundred ninety-four dollars ($294) to one hundred ninety-six dollars ($196), and that the fees of said auctioneers be reduced to 2 per cent. on seven thousand five hundred ninety ($7,590), making the total fees due them of one hundred fifty-one dollars and eighty cents ($151.80), thereby reducing the item of advertising and fees on said account from six hundred three dollars and forty-five cents ($603.45) to three hundred forty-seven dollars and eighty cents ($347.80).

"It is further ordered, adjudged, and decreed that with these amendments to the account there be judgment in favor of John Ibos in the full sum of eighty dollars and eighteen cents ($80.18), which said administratrix is ordered to pay and turn over to him, and, as thus amended, said final account is hereby homologated."

[2] Opponent and appellee has moved to dismiss the appeal for want of jurisdiction ratione materiæ. He contends that inasmuch as the funds of the estate, exclusive of the items involved in the opposition, have been, by consent, distributed, the amount involved is less than $2,000, and this court, on that account, is without jurisdiction.

It will be seen, from the judgment above quoted, the issues presented are, first, the correctness of the items with which the executrix has debited herself on the final account, involving the distribution of over $8,000; and, second, the calculation of the auctioneers' commissions on the proceeds of sales, amounting to more than $7,000—so that, whatever judgment is rendered may or may not upset the whole account. Under those circumstances, the fund to be distributed does exceed $2,000, and this court is therefore vested with jurisdiction. Const. art. 85.

The motion to dismiss is overruled.

The appeal has not been answered, and there are only three phases of the account to be considered, to wit:

(1) The correctness of the judgment, which condemns the executrix to account for $305.81 in addition to that shown on the account;

(2) The correctness of that portion of the judgment which reduces the amount allowed Perrin, Latter & Blum for advertising and auctioneers' fees; and

(3) The correctness of the judgment in favor of the opponent John Ibos.

### The Charge against the Executrix.

[3] The account is not altogether clear, but the inventory showed the following assets belonging to the estate:

| | |
|---|---|
| Personal property | $ 23 00 |
| Real estate | 4,250 00 |
| Cash | 339 55 |
| Demand note | 89 00 |
| Homestead stock | 100 00 |
| Total | $4,801 55 |

Sales of personal and real property, collection of rents, note, etc., produced cash in the hands of the executrix as follows:

Proceeds of personal property ..............$    36 15
Proceeds of real property...................... 7,590 00
Proceeds of homestead stock ................   100 00
Proceeds of demand note .....................    89 00
Rents collected................................   397 16
Refund on insurance ..........................     3 60
Cash on hand per inventory .................   339 55

  Total cash coming into hands of exec-
  utrix ....................................$8,555 46

This is the amount with which she must be charged.

The accountant has paid out, or proposes to pay the following items, to wit:

Dr. J. M. Elliot, medical services to de-
 ceased ....................................... $    5 00
Peter Julin, building material...............    25 40
J. Schoen & Son, funeral of deceased........   181 50
St. Cecilia Church, religious services........    10 00
F. Chasussier, building material.............    15 65
W. Alexander Bahns, legal services.........   310 00
Mrs. A. Burdette, legatee under will......... 1,000 00
H. J. Prados & Son, building material......    35 40
Wm. Holmes, crier fee, canceling judgment     1 00
Fred Deibel, Notary Public, making inven-
 tory ........................................    50 00
Fred Deibel, Notary Public making last
 will ........................................    12 00
Fred Deibel, Notary Public, cash advanced     9 50
Fred Deibel, Notary Public, cash advanced     2 85
Fred Deibel, Notary Public, cash advanced     4 70
Fred Deibel, Notary Public, cash advanced     1 80
Fred Deibel, Notary Public, cash advanced    24 20
Fred Deibel, Notary Public, cash advanced     2 70
W. Alexander Bahns, cash advanced.........    16 55
Wm. Holmes, appraiser........................     8 00
H. C. Miller King, appraiser.................     8 00
Reserved for future cost......................    25 00
City and state taxes...........................   163 04
Storm damages, insurance, etc...............    40 96
Perrin, Latter & Blum, Incorporated, auc-
 tioneers ....................................   603 45
Dr. Geo. F. Roelling, medical services to
 deceased ....................................   115 00
Heirs of Mrs. Eugene Ibos....................   723 85
To Eugene Ibos, Jr., as an heir.............   644 99
To Bernard Ibos, as an heir..................   644 99
To Bertrand Ibos, as an heir.................   644 99
To John Ibos, as an heir.....................   644 99
To Henry Ibos, as an heir....................   644 99
To Jeanne Ibos Ducker, as an heir.........   644 99
To Alexandriene Ibos Bourdette, as heir....   644 99
To Katie Ibos Lantz, as heir.................   644 99

  Total amount which accountant has paid
  or proposes to pay...................... $8,575 47

It will be seen from the above figures that the accountant has either paid or proposes to pay out $20.01 more than was realized from the assets of the estate, and we are at a loss to understand how the lower court reached the conclusion that she should account for the sum of $305.81 additional. No light whatever is thrown upon the matter by either the judgment or the briefs. There is some testimony in the record with reference to a few pieces of old furniture, etc., the value of which is not shown, and which the executrix claims were given to her by her deceased father, and it may be that the lower court considered those in arriving at the figures in the judgment. The record, however, is not sufficiently clear to sustain this result, and we are of the opinion that the executrix has reasonably accounted for all that she received.

### Claim of Perrin, Latter & Blum.

[4, 5] These claimants were the auctioneers who sold the property belonging to the estate, and it seems from the practice followed in the city of New Orleans, also looked after the matter of advertising, surveying, platting of the property for sale, etc. They rendered a total bill for all services, and for sums paid out in the manner indicated, amounting to $603.45. The lower court reduced the item of advertising thereon by one-third, because of the fact that they had received a rebate of that amount from the newspapers, and upon the principle that the agent is bound to give his principal the benefit of any reductions that he may receive in the discharge of his trust. In this, the lower court was undoubtedly correct, and the principle is too well established to need the citation of authority. In this way, the item of advertising was reduced from $294 to $196. The claim for services as auctioneers was also reduced by allowing 2 per cent. on the gross amount of property sold instead of 2½ per cent., under the authority of Act No. 130 of 1914, which provides that in sales of succession property, etc., where the amount is less than $10,000, the commissions shall be figured upon the basis of 2 per cent. The

statute seems plain on this point, and we think the conclusions of the lower court were correct. This resulted in a reduction of $37.50 on the item of commissions, and left a net amount due on that score of $151.80. Restating this creditor's claim on the basis of these reductions, it should be as follows:

Amount claimed.......................... $603 45
Reduction on advertising............... $98 00
Reduction on commissions.............. 37 50

Total ..............................$135 95    135 95

Balance due after deductions..    $467 50

The amount allowed in the judgment is $347.80, but it fails to take into consideration the other items on the claim, such as exchange fees, engineer's charges, amounts paid to the Charity Hospital, etc., which undoubtedly inured to the benefit of the estate, in the larger price that was received for the property over and above inventoried value, and the fees due the hospital, etc., we think were also proper. Nothing is said about this in the judgment, and we are very much inclined to believe that it was the result of an oversight by the lower court.

We are unable to find anything in the record upon which the judgment in favor of John Ibos for $80.18 can be sustained, and nothing has been pointed out by the briefs. We must therefore reverse this part of the judgment.

Any balance remaining in the hands of the executrix, after paying proper costs, and the claims yet unpaid, may be ordered distributed upon proper rule.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, so as to eliminate the requirement on the part of the executrix to account for the sum of $305.81 over and above the amount shown on her account; that the claim of Perrin, Latter & Blum be and is hereby fixed at the sum of $467.50; that the amount of $80.18, allowed John Ibos, be stricken from said judgment; and that in all other respects the said judgment be and the same is hereby affirmed. Appellee to pay the costs of this appeal.