No. 8630
First Circuit Appeal

---

CHARLES HOTARD v. PAUL J. DUPONT, ET AL.

---

(February 18, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 143.**
No appeal lies from a final judgment until it has been signed by the judge.

2. **Louisiana Digest—Pleading—Par. 62; Judgment—Par. 12.**
A judgment sustaining an exception of no cause of action is a final judgment which must be signed to become effective.

3. **Louisiana Digest—Appeal—Par. 143.**
A judgment maintaining an exception of no cause of action cannot be appealed from until the judgment has been signed.

Appeal from the Twentieth Judicial District, Parish of Terrebonne, Hon. Robert B. Butler, Judge.

This is a suit in which an appeal was taken by the plaintiff, from a judgment which sustained an exception of no cause of action.

The judgment was not signed. The appeal was dismissed for prematurity.

Harris Gagne, of Thibodaux, attorney for plaintiff, appellant.

Butler & Wurzlow, of Thibodaux, attorneys for defendant, appellee.·

ELLIOTT, J.  In this case there is no judgment in the record.  The plaintiff and appellant, by his counsel, moved the Court of Appeal to · return the record to the lower court in order that ·the judgment might be supplied which he avers was rendered, but not reduced to writing and signed until after the appeal had been. taken and lodged in this court.        .

The minutes of the District Court of date December 15, 1923, read:

"The exception of no cause of action filed herein by the defendants was this day taken up for argument, and after which the same was sustained by the court and the plaintiff's suit ordered dismissed. Counsel for plaintiff thereupon moved for a suspensive and, in the alternative, a devolutive appeal, ·which was granted by the court, returnable on January 7, 1924, etc."

The minutes show what was done and it does not appear therefrom that a formal judgment was rendered and signed by the court.

The affidavit in support of the motion to return in order to supplement the record says:  "That in open court, after the · appeal hereof had been lodged in this court, counsel discovered the absence of said written judgment; that ·he then moved in open court to have the judgment signed nunc pro tunc and the minutes corrected to show the signing, etc."  This affidavit bears date March 25, 1924.  After the return day, of course, written at the bottom of the motion appears the following statement of the district judge:

"The facts as stated in the above and foregoing affidavit are in accord with my recollection.

(Signed)        "H. M. WALLIS,
                "Presiding Judge."

Diminution of the record exists when something was left out of it that existed at the time it was made and which should have been incorporated in it.  When this record was made· up and lodged in this court there was no judgment extant that should have been incorporated in it.  If we grant· the motion the judgment signed since the appeal was lodged could not be properly incorporated in it because it· was not extant at that time.

There is no final judgment until judgment is signed.  C. P., Arts. 546, 575, 624. There are cases holding that in the country appeals may be taken before the judgment is signed; but we assume that in all such cases judgment was signed and placed in the transcript before it was lodged in the Supreme Court.  State vs. Balize, 38 La. Ann. 542, and many others.

A judgment sustaining an exception of no cause of action is a final judgment which must be signed.  Nicholls vs. Maddox, 52 La. Ann. 496, 26 South. 994.  In Louisiana Digest, Vol. I, p. 337, Sec. 143, we notice a multitude of cases to the effect that no appeal lies ˙from a final judgment until it has been signed by the judge.

"A judgment maintaining an exception no cause of action cannot be appealed from until the judgment has been signed."

Nicholls vs. Maddox, 52 La. Ann. 496, 26 South. 994; Hauch vs. E. C. Drew Ins. Co., 116 La. 488, 40 South. 847; Mitchell vs. Shreveport Creosoting Co., 123 La. 957, 49 South. 655; Hanchey vs. St. Louis, I. M. & S. Ry. Co., 135 La. 352, 65 South. 487; State vs. Oliver, 143 La. 180, 78 South. 439.  The case of Hanchey vs. St. Louis,

I. M. & S. Ry. Co., 135 La. 352, 65 South. 487.

The appeal in this case was premature and must be dismissed for prematurity. It is therefore ordered, adjudged and decreed that this appeal be dismissed as having been taken prematurely.