No. 3331

**Second Circuit**

____

**VIVIAN STATE BANK v. HOLCOMB ET AL.**

____

(April 10, 1930. Opinion and Decree.)

____

J. Fair Hardin, of Shreveport, attorney for plaintiff, appellant.

Pugh, Grimmett & Boatner and Elmer A. Mottet, of Shreveport, attorneys for defendants, appellees.

WEBB, J. This cause is presented on a motion to dismiss the appeal on the ground that appellant failed to give an appeal bond and perfect the appeal.

The record shows that an exception of no cause of action filed in the district court was sustained on October 5, 1927, and a formal decree dismissing plaintiff's suit signed on May 5, 1928, at which time plaintiff obtained an order for a devolutive appeal, in which the amount of the appeal bond was fixed at $75, and the motion to dismiss the appeal is based on the fact that the record does not show that any bond was filed after the date on which the order of appeal was signed.

However, the record shows that on April 5, 1928, there was an appeal bond filed with the clerk of the district court, and that on April 7, 1928, an order for a devolutive appeal was granted in which the appeal bond was fixed at $50, the amount of the bond filed on April 5. The motion to dismiss the appeal is opposed on the ground that the bond filed on April 5, 1928, should be considered in connection with the order of appeal of date May 5, 1928.

It must be conceded that the order of appeal granted on April 7, 1928, was without effect (Mitchell vs. Shreveport Creosoting Co., 123 La. 957, 49 So. 655; Hotard vs. Dupont, 1 La. App. 646; Consolidated Ass'n vs. Mason, 24 La. Ann. 518; Succession of Ibos, 144 La. 814, 81 So. 326), and that the clerk was without authority to take or file the bond in the absence of a legal order granting the appeal (Sears vs. Boyd Bearsh, 7 La. Ann. 539), and we do not think the bond filed on April 5, can be considered as having perfected the appeal granted on May 5.

The motion to dismiss the appeal is therefore sustained, and the appeal dismissed.