### MORGAN v. CALLIHAM.
### No. 5184.

Court of Appeal of Louisiana. Second Circuit.
March 2, 1936.

A. D. Flowers, of Jena, for appellant.
Jos. M. Reeves, of Vidalia, for appellee.

DREW, Judge.

Plaintiff instituted this suit, which was a petitory action; and in the alternative prayed that, in the event the court should find his action, based upon his alleged title, not good, it fix the boundary line between his property and that of defendant.

Defendant filed a plea of res judicata, based upon a judgment rendered in a former suit between the same parties, involving the same land, in which case the demands of plaintiff were rejected and no appeal perfected from said judgment.

The lower court sustained the plea of res judicata and ordered plaintiff's suit dismissed, at his cost.

The minutes of the court of date July 15, 1935, read as follows:

"In this suit the plea of res judicata having been heretofore tried, judgment sustaining said plea rendered this day and plaintiff's suit ordered dismissed at his cost.

"Counsel for plaintiff asked for a devolutive appeal from the ruling of the court. The same is granted and made returnable the 15th day of August, 1935, to the Honorable Court of Appeal. Bond fixed at $50.00."

Plaintiff filed bond and lodged his appeal in this court, whereupon defendant and appellee filed a motion to dismiss, for the reason that there had not been a judgment sustaining the plea of res judicata signed or filed. It is admitted, as shown by the minutes, that a judgment was not signed or filed.

Article 565 of the Code of Practice provides that one may appeal from a final judgment rendered in a case in which an appeal is given by law. Under this article, it is necessary that there be a final judgment before an appeal will lie. Article 566 of the Code of Practice provides for appeal from interlocutory judgments in certain cases, when the judgment may cause irreparable injury. A judgment sustaining a plea of res judicata is a final judgment and must be signed to become effective. It therefore cannot be appealed from until it is signed. Articles 539, 543, of the Code of Practice; Hotard v. Dupont, 1 La.App. 646; State v. Oliver, 143 La. 180, 78 So. 439; Hanchey v. St. Louis, I. M. & S. Ry. Co., 135 La. 352, 65 So. 487.

It therefore follows that the appeal herein is dismissed, at appellant's cost.