LOTTINGER, Judge.
ON MOTION TO DISMISS
This matter is before us on a motion to dismiss an appeal. This is a personal injury case wherein judgment was signed in favor of the plaintiff, Seaborn R. Wicker, et al, on May 9, 1967. Motions for a new trial were filed by several of the defendants on May 12, 1967, and were subsequently argued and overruled on May 22, 1967. Defendants-appellants on May 24, 1967, filed an appeal bond in the proper legal amount, and on May 26, 1967, by oral motion in open court, defendants-appellants were granted a suspensive, and in the alternative, devolutive appeal.
This motion to dismiss is based solely on the grounds that the appeal bond was filed prior to the granting of the order of appeal, and that the appeal therefore is a nullity inasmuch as the delays have lapsed without the filing of an appeal bond after the granting of the order of appeal.
In support of its argument, mover-appel-lee cites the case of Vivian State Bank v. Holcomb et al., 13 La.App. 169, 127 So. 410 (1930) for the proposition that “a Clerk of Court is without legal authority to take and file an appeal bond in the absence of a legal order granting the appeal.” The Vivian case, supra, is very aptly summarized and analyzed in defendants’-appellants’ brief, from which we quote:
“In the Vivian case, an exception of no cause of action was sustained on October S, 1927, but the formal decree dismissing the suit was not signed until May 5, 1928. In the interim, an appeal bond was filed on April S, 1928, in the sum of $50, and *176 an appeal order was signed on April 7, 1928, with the bond set at $50 in the order. Another appeal order was granted on May 5, 1928, with the bond set at $75. The issue in the case was whether the appeal bond of $50 filed on April 5, 1928, could perfect the appeal. The Court held that it could not.
“The court first found the appeal order issued on April 7, 1928, was invalid and cited the cases of Mitchell v. Shreveport Creosoting Co., 123 La. 957, 49 So. 655 (1909); Hotard v. Dupont, 1 La.App. [646] 642 (1st Cir. 1925); Consolidated Assn. v. Mason, 24 La.Ann. 518 (1872); and Succession of Ibos [144 La. 813], 81 So. 326 (1918) as authority. All of these cases deal with the fact that the appeal order cannot be taken before a judgment is signed: Since judgment had not been signed in the Vivian case, the appeal order which was signed on April 7, 1928, was invalid.
“The court, after stating that the appeal order on April 7, 1928, was without effect, went on to state that:
‘The court was without authority to take or file the bond in the absence of a legal order granting the appeal (Sears v. Boyd Bearsh, 7 La.Ann. 539) and we do not think the bond filed on April 5 can be considered as having perfected the appeal granted on May 5.’
“An analysis of the Vivian case, along with the cases which it cites, leads to the obvious conclusion that the Vivian case should be considered as holding that the appeal was dismissed because the valid appeal order called for a bond of $75, whereas the only bond filed was for $50.”
We do not find that the Vivian case, supra, stands for the proposition that an appeal order must be signed before the bond is filed to take a valid appeal.
Mover-appellee, in further support of its motion to dismiss, cites the cases of Speyrer v. Miller, 108 La. 204, 32 So. 524, 527, 61 L.R.A. 781 (1920) and Sears v. Bearsh, 7 La.Ann. 539 (1852) for the proposition that an “appeal bond given without a legal order of appeal is null as the liability of surety on judicial bonds is fixed by law which authorizes the taking of the bond, there is no law authorizing the taking of a bond without a previous order of appeal being obtained, and any appeal bond accepted without the order granting the appeal must remain inoperative.” Speyrer v. Miller, supra, dealt with a bond required prior to the issuance of an injunction. Here the Court order failed to fix the amount of the bond, i. e. the space for the amount of the bond was left blank in the Court order. The Court held this omission to be fatal, as Art. 307 of the Code of Practice expressly required as a prerequisite to the issuance of this injunction that bond shall be furnished in an amount fixed by the judge. This was a situation where the Court failed to fix the amount of the bond, and not the situation where the bond was issued prior to the Court’s fixing its amount. We feel therefore that the Speyrer case, supra, is not appropriate. In Sears v. Bearsh, supra, the plaintiff sued the sureties on an appeal bond, and the defense of the sureties was the failure of consideration in that there was no legal Court order for an appeal of any kind. The Court had prior ruled in Sears v. Willson, 4 La.Ann. 525 (1849), wherein the record failed to show that the appellant had made a motion in open Court as required by statute in cases where the appeal is not taken by petition and citation served on the appellee, to dismiss the appeal. Therefore, in Sears v. Bearsh, supra, the Court held that since no appeal order had been issued, there could be no valid appeal bond, and therefore there' was no liability on the part of the surety for said bond. But, this is not the question that is now before us. In the instant case, we do have a valid Court order, and the question is merely, whether an appeal bond must be filed after the issuance of the Court order granting the appeal.
*177 The Louisiana Supreme Court in LeBlanc v. Rougeau, 39 La.Ann. 230, 1 So. 420 (1887) had before it an appeal wherein the bond was filed on December 15th and the order of appeal was taken on December 16th. In holding that the appeal was valid, and denying a motion to dismiss, the Court at page 231, 1 So. at page 420 stated:
“The appellant then furnished a bond for an unauthorized amount, dependent for its validity on the giving of an order of appeal requiring a bond for a like amount.
“It so happens that the order made by the judge ad hoc fixed that amount.
“Had the order required a larger amount, the appellant would have had to furnish another bond for that amount.
“The motion to dismiss cannot prevail, and it is overruled.”
And in Carter v. Aetna Casualty & Surety Co., 165 La. 478, 115 So. 662 (1928), wherein a judgment was rendered on February 16, 1927 and signed and filed on February 19; an appeal bond was dated and signed on February 22; a motion for a new trial was filed on February 23 and overruled on February 24; and the previously dated appeal bond was filed to perfect a sus-pensive and devolutive appeal on February 24, 1927, the Court; held that “the fact that the bond bears a date anterior to the overruling of the motion for a new trial, * * * ” is not grounds for a dismissal of an appeal. This case does point out that an appeal bond can be executed prior to the granting of the appeal, and still be valid.
In the very recent case of Jenkins v. Liberty Life Assurance Company, La.App. 1st Cir., 198 So.2d 151 (1967), we were presented with a motion to dismiss an appeal, and the facts showed that on January 18, 1967, judgment was rendered; a motion for a new trial was filed on January 24, 1967, and made returnable on February 6, 1967. A suspensive appeal was granted and bond was filed on February 3,1967. At the hearing on the motion for a new trial held on February 6, the motion was denied, and the appellant again applied for a suspensive appeal which was granted. There was no question that the order granting the suspen-sive appeal on February 3 was premature, but the question then arose as to whether the bond issued on February 3 was valid as to the suspensive appeal order granted on February 6. In disposing of this question, and upholding the validity of the appeal, Judge Sartain of this Court held:
“Even though it is apparent that the appeal bond furnished by defendant, Liberty Life, was pursuant to the order of February 3, 1967, its purpose and validity are not affected by the subsequent order of February 7, 1967 for the amount of the bond in each instance is the same. The filing of the bond on February 3, 1967 though premature at that time suffices to satisfy the requirements of the second order of appeal on February 7, 1967, and the latter appeal is not defective for this reason.”
We are therefore of the opinion that so long as an appeal bond is for the proper amount according to the law, it is immaterial whether it be furnished before or after the obtaining of the order of appeal.
For the above and foregoing reasons, the motion to dismiss is denied at the cost of mover-appellee.
Motion denied.