LOTTINGER, Judge.
ON MOTION TO DISMISS APPEAL
Plaintiff brought suit against several defendants on December 3, 1970.
Fireman’s Fund, one of the defendants, filed an exception of no cause of action and a motion for a summary judgment and same was considered on June 28, 1971 and for oral reasons assigned on June 29, 1971 plaintiff’s suit was dismissed as to this defendant.
Under date of June 30, 1971, Plaintiff requested written reasons for said judgment. On July 22, 1971 written reasons were filed in the record, and on August 3, 1972 judgment was read, signed and filed in the record and on said date of August 3, 1972, notice of said judgment was mailed to all parties. No new trial was asked for.
On October 24, 1972, plaintiff was granted a devolutive appeal from the judgment of August 3, 1972 returnable to this court on or before December 15, 1972 on the furnishing of a bond in the amount of $500.00. An appeal bond in the amount of $500.00 was filed in this matter on November 17, 1972. It is evident from the above dates that the bond was filed more than 90 days after the signing of a judgment. See C.C.P. Art. 2087 & C.C.P. Art. 1974.
On January 22, 1973, judgment was read and signed dismissing plaintiff’s suit against the other defendants, Cecil W. Evans and The Aetna Casualty & Surety Co. with prejudice. No new trial was applied for.
On April 10, 1973, plaintiff was granted a devolutive appeal to this court from the judgment of January 22, 1973, returnable on or before June 2, 1973 upon the plaintiffs providing security in the amount of $500.00. No appeal bond has been filed herein other than the one $500.00 bond filed on November 17, 1972.
Appellant contends that the appeal bond filed on November 17, 1972, even though it was filed before the obtaining of the order of appeal, perfected and applied to the appeal which was granted on April 10, 1973, and cites the case of Wicker v. U. S. Fidelity & Guaranty Ins. Co., 205 So.2d 175 (La.App. 1st Circuit 1967).
*306 Appellant further contends, m his answer to the show cause order, that they have “no objections to the dismissal of the appeal from the judgment rendered in favor of defendant Fireman Fund only.” As we understand the case, appellant is not trying to maintain its appeal against Fireman’s Fund but is only trying to maintain their appeal against Cecil W. Evans and the Aetna Casualty & Surety Co. on the judgment signed January 22, 1973.
It is our appreciation that defendant-ap-pellee, Fireman’s Fund, is the only one who has filed a motion to dismiss. We have not ex proprio motu raised the question of jurisdiction in the appeal on the judgment in favor of Evans & Aetna.
For the reasons hereinabove stated, the appeal taken by the plaintiff from the judgment dated August 3, 1972 in favor of Fireman’s Fund is hereby dismissed at appellant’s costs.
Appeal dismissed.