PICKETT, Judge.
This court issued an order ex proprio motil directing the parties hereto to show cause why this appeal should or should not be dismissed for failure of appellants to file an appeal bond. This is an action in tort in which Cecil W. Evans, Aetna Casualty and Surety Company and Fireman’s Fund Insurance Company were among the original defendants.
Fireman’s Fund filed a motion for summary judgment, which was granted by the trial court. A final judgment dismissing the suit as to Fireman’s Fund was filed on August 3, 1972. On August 11, 1972, plaintiffs herein obtained an order for a devolutive appeal in which the trial court fixed the amount of the appeal bond at $500.00. On November 17, 1972, plaintiffs filed a bond for $500.00 which referred to the previous order of appeal. (This appeal was subsequently dismissed for failure to file the bond timely.)
On November 21, 1972, a trial was held on the merits of the claim against Mr. Evans and Aetna. In accordance with reasons for judgment handed down on December 28, 1972, judgment was rendered on January 22, 1973, dismissing the suit against Mr. Evans and Aetna, at plaintiff’s costs. On April 9, 1973, plaintiffs obtained a second order for a devolutive appeal in which the trial court again fixed the amount of the appeal bond at $500.00. No bond was filed pursuant to this order.
In response to our show cause order, plaintiffs-appellants contend that the first bond filed on November 17, 1972, satisfies the requirements of the second order of appeal obtained on April 9, 1973, because the amount is the same and the first appeal was not prosecuted. Alternatively, they contend that a showing that costs have in fact been paid should make the filing of a bond unnecessary, and that a statute requiring a bond, even though costs have been paid, violates the constitutional right to appeal. La.Const. Article I, Section 6.
We do not agree with these contentions. The plaintiffs and their surety on the first bond obligated themselves to pay costs in connection with the appeal of the judgment dismissing the suit as to Fireman’s Fund. The surety agreed to satisfy this obligation if the principal debtor should not satisfy it. LSA-C.C. Article 3035. The contract of suretyship is to be restrained within the limits intended by the contract. LSA-C.C. Article 3039. It is inconceivable that plaintiffs’ surety intended to obligate himself for payment of costs of appeal, not only of the August 3, 1972, judgment, but, also, of any possible future judgment on the merits as to other defendants before the trial thereon was even held. In addition, the suretyship cannot be held to *312 have continued, since it is extinguished, when the debt itself has been satisfied. LSA-C.C. Articles 2130 and 3059.
The contention that a bond is unnecessary when the costs have in fact been paid is without merit. The payment of costs simply relieves the surety of his obligation on the surety bond; it does not obviate the necessity of furnishing a bond as required by law. LSA-C.C.P. Article 2087.
Lastly, we do not find the requiring of an appeal bond is violative of any constitutional right to appellate review.
The case of Wicker v. U. S. Fidelity & Guaranty Insurance Company, 205 So.2d 175 (La.App. 1st Cir. 1967), is inapposite. There, a bond was held valid although filed two days prior to the order granting an appeal from a single judgment. In the instant case, there are two separate judgments involving different causes of action against separate defendants.
Accordingly, we find that the appeal must be dismissed, at plaintiffs’-appellants’ costs. It is so ordered.
Appeal dismissed.