**AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellee,**

v.

**LaSALLE PUMP & SUPPLY CO., INC., et al., Defendants-Appellants.**

No. 86–4222.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1986.

Lloyd E. Hennigan, Jr., J. Reed Walters, Jena, La., for defendants-appellants.

Donald R. Wilson, Gold, Simon, Weems, et al., Jena, La., Henry B. Bruser, III, Alexandria, La., Gaharan & Wilson, Jena, La., for plaintiff-appellee.

Before GOLDBERG, REAVLEY and GARWOOD, Circuit Judges.

REAVLEY, Circuit Judge:

The question here is whether an appeal bond was discharged when the judgment appealed from was reversed in part and remanded for the taking of additional evidence on damages. The district court ruled that the bond was discharged. We affirm.

## I.

The facts in this case, though undisputed, are somewhat involved. LaSalle Pump and Supply Company (LaSalle) brought a Louisiana state court action against a railway for the negligent destruction by fire of LaSalle's warehouse and the warehouse's contents. The trial court in that case ruled that the railway was responsible for the destruction and set damages at $1,269 for the building and $78,842 for its contents. A Louisiana appellate court found sufficient evidence to support the finding that the railway was responsible and that the damages for the destroyed building were $1,269. The appellate court, however, found that the damage figure for the building's contents was supported only by inadmissible hearsay evidence. The court thus reversed the portion of the judgment awarding damages for the loss of the building's contents and remanded for the taking of additional, competent evidence on that issue. The judgment was otherwise affirmed. *LaSalle Pump & Supply Co. v. Louisiana Midland Railroad Co.*, 433 So.2d 745 (La.Ct.App.1982), *writ denied*, 435 So.2d 450 (1983). On remand, LaSalle was able to prove its damages as to the building's contents by admissible evidence and was awarded $82,607. This award was affirmed on a second state court appeal. *LaSalle Pump & Supply Co. v. Louisiana Midland Railroad Co.*, 459 So.2d 768 (La. Ct.App.1984), *writ denied*, 462 So.2d 1251 (1985).

The dispute giving rise to this federal action grew out of LaSalle's attempts to collect its judgment. The railway failed to satisfy the judgment when LaSalle made a demand after conclusion of the second state court appeal. The railway also failed to post an appeal bond prior to taking its second appeal. The railway had, however, posted a suspensive appeal bond in the amount of $136,000 prior to appealing from the first state court judgment.[1] Left with a defendant unable to satisfy the judgment and no bond posted prior to the second

---

1. Under Louisiana law, a suspensive appeal bond is one that suspends execution of the judgment pending the appeal. La.Code Civ.Proc. Ann. arts. 2123–2124 (West Supp.1986).

appeal, LaSalle now claims that the bond posted prior to the first appeal covers the present judgment.

Accordingly, LaSalle has demanded payment on the bond from Aetna Casualty and Surety Company, who issued the bond. Aetna, in turn, demanded payment from LaSalle State Bank, who issued a letter of credit securing the bond. The bank made payment to Aetna on its letter under protest, claiming that the bond was discharged after the original judgment was reversed in part on the first appeal. Faced with competing demands from LaSalle and from the bank for the amount of the bond, Aetna filed this interpleader action and deposited the money with the court. On motions for summary judgment, the district court agreed with the bank that the bond was discharged after the original judgment was partially reversed and ordered that the money be returned to the bank. LaSalle appeals.

## II.

The extent to which the surety on an appeal bond is bound is determined by the terms of the bond, which are prescribed to some degree by Louisiana statute. *See* La. Code Civ.Proc.Ann. art. 2124 (West Supp. 1986); *LaRussa v. Evans*, 303 So.2d 310, 311 (La.Ct.App.1974). In this case, the bond recited the original judgment and provided that it was given as security that the railway "will prosecute its appeal and will satisfy from the proceeds its property [sic] any judgment that may be rendered against [the railway] and should [the railway] fail to satisfy the judgment [Aetna] will be liable for the amount of the judgment." This language conforms to the statutory requirements.

LaSalle argues that the bond's statement that it secures payment of "any judgment" means that the surety is liable for whatev-

er judgment is ultimately rendered against the principal, whether by the appellate court or by the trial court after a remand. It reasons that the original judgment creates an obligation that exists independent of the judgment's amount and thus that survives a reversal as to the amount of damages.

Louisiana cases are clear that an appeal bond that complies with statutory requirements covers not only the judgment issued by the trial court but any modification of that judgment by the appellate court. *See, e.g., Diamond v. Petit*, 3 La.Ann. 37 (1848). This result follows from the language and purpose of the bond. It does not necessarily follow, however, that the surety obligates itself to pay whatever judgment may ultimately be awarded against the principal following a reversal on appeal. Once the appellate court reverses the original judgment, no enforceable judgment exists and a new trial—even though perhaps limited to damages—must be held. The ultimate judgment issued after this new trial may bear little relation to the original judgment.[2] It may be, as LaSalle argues, that an obligation to pay some money survives a reversal because of inadequate proof of damages. It does not follow, however, that the obligation of the surety is extended beyond the terms of the bond that secures only the payment of a specific prior trial court judgment or any modification of that judgment by the appellate court.

In this case, we are persuaded by the language of the bond that Aetna did not obligate itself to pay any judgment that might ultimately be rendered in the case against the railway. The bond recites the original judgment, including its amount, thus defining the obligation to be only for payment of that judgment and, under the

---

**2.** In fact, in this case, the judgment on remand was for a greater amount than the original judgment and the trial court determined that, although a $136,000 bond was sufficient for the original appeal, a bond of $185,000 would be required to suspend the judgment during the second appeal. The railway's failure to post

that bond precipitated the present action. The possibility, as here, of a judgment on remand requiring an appeal bond in a different amount supports our holding that a reversal on appeal based on inadequate proof of damages discharges the original appeal bond.

language of the bond and Louisiana case law, any modification of that judgment by the appellate court. Nothing in the bond indicates an intent to be bound for payment of an entirely new judgment, rendered after a new trial. Appeal bonds, like any other surety agreement, are strictly construed and the surety's obligation is not extended beyond the limits of the contract. *LaRussa v. Evans*, 303 So.2d at 311.

▪ LaSalle relies heavily on *Hivert v. Lacaze*, 7 Rob. 470 (La.1844), in arguing for a result contrary to the one we have reached. In that case, the Louisiana Supreme Court held that an appeal bond remained in effect despite a remand after an appeal. The original judgment rescinded the sale of a slave and determined that the plaintiff should be reimbursed for his expenses in keeping the slave during the pendency of the suit. However, the trial court declined to actually award the expenses as part of the original judgment because the total expenses could not be determined until after the rescission issue was finally resolved on appeal. On appeal, the court affirmed the decision and remanded for final determination of the expenses. *See Hivert v. Lacaze*, 3 Rob. 357 (La.1842). In a subsequent suit on an appeal bond posted by the defendant, the Louisiana Supreme Court held that the bond remained in effect despite the remand on the issue of expenses.

Although the age and obscurity of this opinion make its interpretation difficult,[3] we decline to read it for the result LaSalle urges. In holding the surety liable, the court emphasized that its earlier opinion had "absolutely affirmed" the lower court judgment and that the judgment "will be executed in the same manner as if no appeal had been taken." *Hivert*, 7 Rob. at 471. The case was remanded merely for the addition of expenses whose final amount could not earlier have been determined. The same cannot be said for the appellate court decision in this case. As to the damage award for the loss of the warehouse's contents, the judgment was not "absolutely affirmed" but was, in explicit terms, reversed. Unlike the situation in *Hivert*, where the plaintiff had adequately proved his case and the remand was merely for the determination of expenses that had not completely accrued at the time of the original judgment, LaSalle failed to prove its entitlement to a specific damage award and the judgment in its favor was accordingly reversed. Admittedly, *Hivert* and the present case are closely analogous, but given the unique and limited nature of the remand in *Hivert* and the court's repeated emphasis on the fact that the lower court's judgment had been affirmed, we conclude that *Hivert* does not control the disposition of this case.

AFFIRMED.

---

**3.** We have not been able to find any other Louisiana cases citing *Hivert* or discussing its holding.