ABBOT and another, Trustees, etc., Plaintiffs in error, vs. GORE, Defendant in error.

*September 26 — October 15, 1889.*

*Railroads: Negligence: Fire set by engine: Special verdict: Evidence: Instructions to jury.*

1. Special findings to the effect that the defendants were guilty of negligence which caused the fire which destroyed the plaintiff's hay, and that such negligence consisted in leaving combustible materials on the right of way of their railroad, are *held* to imply that the fire started in such combustible materials, and the omission of an express finding of that fact is not fatal to a judgment for the plaintiff.

2. Error in the admission of evidence as to how an engine was operated is immaterial where the jury finds that it was properly managed and operated.

3. The fact that an engine passed shortly before a fire was discovered on or near the right of way, is some evidence tending to show, in the absence of proof of any other cause, that such engine set the fire, notwithstanding it was in good order and properly managed.

4. An instruction that "the only negligence which is left to you . . . to consider is the question whether there was any negligence on the part of the defendants in leaving bark and grass, as testified to by the witnesses, and other combustible material, if there was any such, within their right of way, or not," is not open to the objection that the jury might have understood the court to assume that to leave such bark and grass within the right of way was negligence *per se.*

ERROR to the Circuit Court for *Winnebago* County.

The defendant in error, *Jacob Gore*, brought his action in the circuit court against *Abbot* and *Stewart*, the plaintiffs in error, to recover the value of a quantity of hay belonging to him and to certain other persons who, before the action was brought, assigned their claims to him. The hay in question was standing in stacks on a marsh adjacent to the line of the Wisconsin Central Railroad, operated by the plaintiffs in error as trustees, and was burned, as is al-

leged, in consequence of their negligence in operating the railroad. The negligence charged is that at the place where the fire commenced combustible materials had been allowed to remain on the right of way of the railroad company; that the locomotive engine which set the fire was not provided with proper appliances to prevent the escape of fire; and that such engine was being run at the time at too great a rate of speed for its capacity, thereby causing it to emit an increased quantity of fire.

The testimony and rulings of the court on the trial are sufficiently stated in the opinion. A special verdict was demanded, and returned by the jury as follows: "(1) Did a freight train drawn by locomotive engine No. 65 pass the place where the fire originated, shortly before the fire was discovered? *Answer.* Yes. (2) Was locomotive engine No. 65 in a safe and proper condition in all respects, and provided with all reasonably known appliances to prevent the escape of fire, and in charge of a competent engineer, and properly managed? *A.* Yes. (Answered by the court.) (3) Were the defendants guilty of negligence which caused the fire and consequently destroyed the property of the plaintiff and his assignors? *A.* Yes. (Answered by the court.) (4) If you answer the foregoing question in the affirmative, state in what respects such negligence consisted. *A.* By leaving ties, grass, and other combustible material on the right of way of the Wisconsin Central Railroad Company. (5) Was the fire set by the engine? *A.* Yes." The jury also assessed the value of the hay.

The defendants below moved for judgment on the verdict, and also for a new trial. Both motions were denied by the court, and judgment for the plaintiff below was rendered for the value of the hay as assessed by the jury, and for costs. The defendants below thereupon sued out a writ of error from this court to obtain a review and reversal of such judgment.

For the plaintiffs in error there was a brief by *Chas. W. Felker*, attorney, and *D. S. Wegg* and *Howard Morris*, of counsel, and oral argument by *Mr. Felker*.

*Gabe Bouck*, for the defendant in error.

LYON, J. Inasmuch as the locomotive engine No. 65, which passed the place of the fire recently before the fire was discovered, was in proper condition and properly managed and operated, the plaintiff below was not entitled to recover unless the fire originated on the right of way of the railroad company, and in the combustible materials which the jury found were negligently left thereon. If it originated outside the right of way, or within it at another point, and spread from thence over the marsh on which the hay was stacked, the only negligence which the verdict imputes to the defendants below, to wit, the leaving of combustible materials on the right of way, was not the proximate cause of the fire, and there can be no recovery in the action.

There is no express finding in the special verdict that the fire originated in the right of way, and consequently none that it originated in such combustible materials. Is the omission fatal to the judgment? It is not if such omitted finding can fairly be deduced from the other findings. *Eldred v. Oconto Co.* 33 Wis. 133; *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541. We think the reasonable inference from the other findings is that the fire originated in such combustible materials on the right of way. What other deduction can be made or inference drawn from the findings that the trustees negligently left combustible matter on the right of way, and that such negligence caused the fire which destroyed the hay? Had the fire originated off the right of way, or elsewhere on it, and spread from thence over the marsh, the imputed negligence could have had no connection with the burning of the hay, and the jury could not

have found that it was the cause of such burning. We conclude, therefore, that such omission is not fatal to the judgment. Of course, it would have been better practice to have submitted to the jury, in express terms, the question, Where did the fire start? Had the defendants asked the court to submit this question, we do not say a refusal to do so would not have been error.

In this connection it may be observed that we find ample testimony in the record to support the finding that the fire originated in such combustible materials on the railroad right of way.

The remaining exceptions relied upon as grounds for reversal of the judgment are predicated upon the rulings of the court on the trial. These will now be briefly considered.

1. It appeared that at or near the place where the fire started the track was upon an ascending grade, going towards Neenah, in which direction engine No. 65 was running at the time; also, that such engine was hauling a train of eighteen freight cars. The court, against objection, allowed testimony to the effect that it was the custom to break trains at that point and haul them up the grade in sections, which was not done with the train in question. Probably, the testimony was admissible, within the issues, as tending to show the manner in which the engine was managed and operated. But whether it was so admissible or not is rendered immaterial by the fact that the jury found such engine was properly managed and operated.

2. The court refused to give an instruction proposed by defendants below, as follows: "The fact that the fire was discovered on or near the right of way of the defendants shortly after the passing of an engine that was in a safe and perfect and proper condition, and in charge of a competent engineer, and properly managed, is no evidence that such engine set such fire, and furnishes no evidence from

which you may infer that such engine set such fire." The vice in this proposed instruction is, it assumes that an engine in proper condition and properly managed could not have set the fire. This proposition is against common knowledge. The fact that the engine passed shortly before the fire was discovered (about ten minutes before, as some of the witnesses testify), is some evidence tending to show, in the absence of proof of any other cause, that the engine did set the fire, notwithstanding it was in good order and properly managed. We think the instruction was properly refused.

3. Error is assigned upon the following passage in the charge to the jury: "Now, the only negligence which is left to you under the rulings of the court to consider is the question whether there was any negligence on the part of the defendants in leaving bark and grass, as testified to by the witnesses, and other combustible material, if there was any such, within their right of way, or not." The criticism made upon this passage in the charge is that the jury might have understood the court to assume that by so leaving bark and grass within their right of way they were guilty of negligence *per se*. We should be inclined to think this criticism hypercritical had not the learned counsel assured us that it is not. We think, however, that there is no foundation for it in the language of the charge. The juror of average intelligence would, we are sure, understand that the instruction left the jury free to find from the testimony whether the leaving of such combustible material on the track was or was not negligence.

It is believed that the views above expressed dispose of all exceptions not specifically discussed and determined. Finding no error disclosed by the record, we cannot disturb the judgment of the circuit court.

*By the Court.*— Judgment affirmed.