interest on the bonds which it authorizes to be issued (up to the amount to be realized from the special tax, whatever that amount may be) to 5 per cent., requires the interest to be paid annually, or semiannually, and requires that the special tax shall be dedicated to their payment and shall not be diverted until they are paid.

We therefore conclude that Act No. 84 of 1906 is in irreconcilable conflict with the Constitution, and is void.

It is, accordingly, ordered that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the plaintiffs, decreeing void and of no effect the ordinance of the police jury of the parish of Iberville of July 1, 1907, levying a special tax of two mills on the dollar in the First ward school district of the parish; decreeing void and of no effect, as in irreconcilable conflict with article 281 of the Constitution, the act of the General Assembly No. 84, of the session of 1906; further decreeing illegal and unauthorized the proposed issue, by the parish board of school directors, under the supposed authority of that statute, of bonds, for the funding of the special tax for school purposes voted by the property taxpayers in 1907. It is further ordered and adjudged that defendants, appellees herein, pay all costs.

---

(55 South. 684.)

No. 18,226.

LEMANN CO., Limited, v. TEXAS & P. RY. CO.

(May 8, 1911. Rehearing Denied June 26, 1911.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 587*)—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY.

A fact may be established by circumstantial, as well as by direct and positive, evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2436; Dec. Dig. § 587.*]

128 LA.—35

2. RAILROADS (§ 482*)—FIRES SET BY LOCOMOTIVES—EVIDENCE.

Evidence that the fire started up (1) immediately or very soon after the passing of the train, (2) that there was no fire on the premises or vicinity of the premises before, and (3) there was no other apparent cause for a fire is sufficient to warrant an inference of fact that the fire was emitted from the railway company's engine.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1736; Dec. Dig. § 482.*]

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Paul Leche, Judge.

Action by the Lemann Company, Limited, against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Marks, Wortham & Le Blanc (Howe, Fenner, Spencer & Cocke and Esmond Phelps, of counsel), for appellant. Pugh & Lemann, for appellee.

SOMMERVILLE, J. Plaintiff sues defendant for loss sustained by fire on two of its plantations, Peytavin and Souvenir, in Ascension parish. The evidence shows that both fires occurred on two Sunday mornings, when the buildings, of frame, were unoccupied and closed, and when no one was in or around them. That one of said buildings was about 50 feet, and the other about 150 feet, from the track of defendant. Plaintiff alleges that the loss was due to fault and negligence on the part of defendant, its employés, agents, etc., and it asks for judgment for $5,825.77 against defendant.

Defendant answers that its engines did not set fire to plaintiff's buildings; that it was not at fault; that its engines, on the two occasions referred to in plaintiff's petition, had been examined just prior, and immediately subsequent, to the fires, and found to be in good order, and equipped with spark arresters, in perfect condition.

The case presents a question of fact only, and a jury has found in favor of the plain-

tiff, and the trial judge has approved the verdict.

The testimony of plaintiff is contradicted by that of defendant. Witnesses for the latter testify that the spark arresters in the smokestacks of defendant's engines were in good order and condition, and sparks, sufficiently large to carry and communicate fire to the buildings some 50 to 150 feet distant, could not be emitted therefrom. Witnesses for plaintiff testify that sparks were being constantly emitted from defendant's locomotives; were emitted on the morning when the fire took place on Peytavin plantation; that many fires had been set out by defendant's engines and much property destroyed thereby; and that some of the buildings along the roadway of defendant had been roofed with iron sheeting to protect them from fire from passing engines.

The evidence upon the disputed points, being thus in conflict, the question has been properly submitted to and solved by the jury.

A re-examination of the evidence convinces us that the finding of the jury is correct. The preponderance of the evidence is in favor of plaintiff. We remember, in passing upon the sufficiency of the evidence offered, that each case must depend upon the circumstances disclosed by the evidence therein.

[2] It is laid down as a rule that evidence that the fire started up (1) immediately or very soon after the passing of the train, (2) that there was no fire on the premises or vicinity of the premises before, and (3) that there was no apparent cause for the fire is sufficient to warrant an inference of fact that the fire was emitted from the railway company's passing engine. Union Pacific Ry. Co. v. De Busk, 12 Colo. 294, 20 Pac. 752, 3 L. R. A. 350, 13 Am. St. Rep. 221; Abbot v. Gore, 74 Wis. 509, 43 N. W. 365; G. C. & S. F. Ry. Co. v. Blackeneyer-Stevens-Jackson Co., 48 Tex. Civ. App. 443, 106 S. W. 1140.

The fires under consideration were started 50 and 150 feet, respectively, from where defendant's locomotives had passed, and on Peytavin the locomotive had been engaged in switching only a short time before, emitting sparks. On Souvenir, the train had passed only a very short while before the fire. There had been no fire on the two premises of plaintiff on the two mornings of the fires; there was but one apparent cause for the fires. The jury found that there was negligence on the part of defendant and its employés, and that the sparks from defendant's locomotives had caused these fires. We are not in a position to say that there was no evidence of negligence, and that the jury erred. It found that sparks, sufficient in size to ignite the buildings burned, had been frequently emitted by the locomotives of defendant. We concur in this finding. The jury may have also found from the evidence in the record that the spark arresters were in bad order, or that the larger live cinders had been blown or forced through the arresters.

Plaintiff having sustained the burden of proof, and made its case certain:

The judgment is affirmed.