No. 2234.

Second Circuit Appeal.

---

DAN SENN v. LINDSEY MERCANTILE COMPANY, INCORPORATED, ET AL.

---

(May 9, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Negligence—Par. 41, 42.**
Where the plaintiff failed to prove that the damage caused by a fire was due to the negligence of the defendant or his agents, plaintiff cannot recover.
(Civil Code, Articles 2315, 2317.)

Appeal from Fourth Judicial District Court of Louisiana, Parish of Union. Hon. S. L. Digby, Judge.

This is a suit for damages caused by burning woodland.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. E. Dawkins, of Farmerville, attorney for plaintiff, appellant.

J. W. Elder, of Farmerville, attorney, for defendants, appellees.

ODOM, J. Plaintiff in this case alleges that just prior to July 24, 1923, the defen-

dants, Lindsey Mercantile Company, Incorporated, and G. E. Lindsey, through their agents and employees, set fire to certain woodland belonging to him and burned the fence around said woodland and around other lands adjoining, destroying 87,000 rails, the timber in which rails he values at $174.00, and that he had to split and haul new rails to replace those burned, which labor is well worth $182.70, and that due to the burning of the fence around his pasture he lost the use thereof, which damaged him to the extent of $120.00. He alleges that the agents and employees of the defendants were careless and negligent in permitting his property to burn and that the fire and damage to him could have been prevented if the agents and employees of the defendant had used ordinary care and diligence.

An exception of no cause of action was filed to the petition and was referred to the merits by the court.

Defendants answered, admitting the corporate capacity of Lindsey Mercantile Company, Incorporated, and denied all the other allegations. There was judgment rejecting plaintiff's demand and dismissing his suit, from which he appealed.

OPINION.

Counsel for plaintiff quotes the following from Corpus Juris:

"One who wilfully sets fire is civilly liable for damages for all the consequences which may directly or naturally result from it."
Corpus Juris, vol. 26, page 584.

He might have gone further and stated that—

"A person is liable to the penalty for permitting fire to escape from his own land although he does not do so wilfully."
Same authority.

The law applicable to a case of this kind is found in Civil Code, 2315, which reads in part as follows:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

And article 2317 which reads in part as follows:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable."

In order to establish liability in a case of this kind it is necessary to show that the fire was set by the defendant person or by someone for whom he is responsible and that the setting of the fire was either wilful or careless and negligent; or if set on defendant's own premises and permitted to spread to plaintiff's land, that it escaped through the fault, carelessness or negligence of defendant or those for whom he is responsible.

The weakness of plaintiff's case arises from the fact that he failed to show that the fire which damaged him was set by defendant or any one for whom he was responsible; and even if it be conceded that the fire was set on defendant's premises and spread to the property of the plaintiff, it is not shown that it was permitted to spread through the fault, carelessness, or negligence, of defendant's employees.

Plaintiff owns a tract of land partly timbered, which was enclosed by a wire fence. Defendant owned cultivated land adjoining same on the south but separated from it by a public road. In the summer of 1923 or possibly in the spring of that year, defendant had laborers go on his land for the purpose of terracing it. During terracing defendant's land plaintiff's land was burned over. But there is no evidence whatever that defendant was in the vicinity of the land during the time the work was going on, nor is there any evidence that any of the laborers employed by defendant set fire to plaintiff's woods. But it seems that during the time this work was going on a stump on defendant's side of the road some twenty or thirty feet therefrom was seen burning; but there is no testimony that any of these laborers or the foreman in charge of the work set it afire. Nor is it shown that the fire from this stump set the fire over on plaintiff's land. This stump was out in an open field and there is testimony in the record that the land between this stump and the road had been plowed and that there was no grass or other combustible substance on the ground and, therefore, if the fire which burned plaintiff's property was set from this stump it was set by sparks.

However, on this point, plaintiff says there was grass between the stump and the road and that it burned up to the road.

Counsel cites the case of Lemann Co. vs. Texas & Pacific Ry. Co., 128 La. 1089, 55 South. 684, in which it was held that where the fire started immediately or very soon after the passing of a train, and there was no fire on the premises before, and there was no other apparent cause of the fire, the presumption is that the fire was set by sparks from the passing train; and he urges that the court should assume that the fire which burned his property spread from the stump or was set by sparks from it. But any such presumption is destroyed in this case by the fact that Mr. Rockett, a share tenant on defendant's land, put out some fire southeast of and adjoining plaintiff's land several days previous and there were stumps and trees still burning at the time the fire broke out on plaintiff's land, and he says that the fire could easily have been set from those trees. No one was able to state just where the fire started on plaintiff's land. The land just across the road from this burned stump was

burned over but no one knows that the fire started there.

As stated already, no one knows but those employed by defendant set fire to the stump. It is in the record and not disputed that at the time the fire was burning on plaintiff's land Mr. Pickens, who seems to have been in charge of the work for the defendant, and his hands were working a half-mile from the scene.

Holding, as we do, that the evidence does not show that the fire which destroyed plaintiff's property was set by defendant or the employees for whom he is responsible, nothing need be said, of course, on any other branch of the case.

The judgment of the lower court is affirmed with costs.