433 So.2d 745 (1982)
LASALLE PUMP & SUPPLY CO., INC., Plaintiff-Appellee,
v.
LOUISIANA MIDLAND RAILROAD CO., INC., Defendant-Appellant.
No. 82-343.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
On Rehearing April 13, 1983.
Writ Denied June 17, 1983.
*746 H. James Lossin, Louis L. Vogt, Hal J. Scott, Jonesville, for defendant-appellant.
Peters & Hennigan, Lloyd E. Hennigan, Jr., Jimmie C. Peters, Jena, for plaintiff-appellee.
Before CULPEPPER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This litigation arises out of a fire which destroyed a warehouse building owned by the plaintiff, LaSalle Pump and Supply Co., Inc. in Jena, Louisiana on March 10, 1978. The building was located partially on a right of way owned by Louisiana Midland Railroad Co., Inc., defendant-appellant herein. Following trial on the merits, judgment was rendered in favor of plaintiff in the sum of $78,842.18. This appeal encompasses two issues; the cause of the fire and the value of the property destroyed. We affirm in part, reverse in part and remand.
Appellant alleges the following specifications of error:
"1. The trial court erred in holding that there was a causal connection between the plaintiff's damaged property and the defendant's activity.
2. The trial court erred in holding defendant negligent.
3. The trial court erred in holding that the plaintiff was not contributorily negligent.
4. The trial court erred in holding that the plaintiff did not assume the risk by building upon railroad right-of-way.
6. The trial court erred in awarding damages when plaintiff did not carry the burden of proof in proving damages.
7. The trial court erred in determining damages without the aid of corroborative evidence, when it was available by the plaintiff and not produced.

*747 8. The trial court erred in finding that those portions of the testimony that would be objectionable as hearsay was cured and manifestly erred in finding as a fact, that some of the employees who put together the inventory testified as to its reliability.
9. The trial court erred in not reducing the award by the salvage value.
10. The trial court erred in assessing damages above and beyond the amount sworn to in plaintiff's proof of loss."
Immediately prior to the fire, Mr. Thomas E. Collins was painting his house, located approximately 1,000 feet from the plaintiff's building, when he noticed a train moving at a slow rate of speed towards the LaSalle Pump and Supply building. He noticed locomotive # 1111 emitting smoke and flames igniting grass adjacent to the railroad tracks. Mr. Collins testified that there were no fires in the vicinity prior to the train's passing. Approximately ten minutes thereafter fire was reported on plaintiff's premises. The conflagration quickly destroyed the warehouse.
Appellant contends that the above circumstantial evidence is insufficient to establish negligence on its part. We disagree. In Lemann Co., Ltd. v. Texas and Pacific Ry. Co., 128 La. 1089, 55 So. 684 (La.1911) it was stated:
"It is laid down as a rule that evidence that the fire started up (1) immediately or very soon after the passing of the train, (2) that there was no fire on the premises or vicinity of the premises before, and (3) that there was no apparent cause for the fire is sufficient to warrant an inference of fact that the fire was emitted from the railway company's passing engine. Union Pacific Ry. Co. v. De Busk, 12 Colo. 294, 20 Pac. 752, 3 L.R.A. 350, 13 Am.St.Rep. 221; Abbot v. Gore, 74 Wis. 509, 43 N.W. 365; G.C. & S.F. Ry. Co. v. Blackeneyer-Stevens-Jackson Co., 48 Tex.Civ.App. 443, 106 S.W. 1140."
The evidence indicates that the fire started up immediately or very soon after the passing of the train, that there were no fires in the vicinity prior thereto and there is no indication that the fire was of any other origin. Plaintiff sustained his burden of proving negligence and causation.
Next, appellant contends that the plaintiff was contributorily negligent and/or assumed the risk. As aforementioned, plaintiff's building was located, in part, upon the railroad's right-of-way. Evidence showed that at some time in the past plaintiff secured an oral lease to use the land involved. Appellant contends that this lease shifted responsibility for maintaining the right-of-way free from flammable debris to plaintiff, or, that plaintiff assumed the risk of having its building subject to fire. Mr. Thomas Bell, plaintiff company president, admitted the existence of other grass fires along the railroad in the vicinity and the evidence indicates that the ditch between the building and the railroad was a fire hazard because of its condition. Nevertheless, LSA-R.S. 56:1479 imposes an affirmative duty upon railroads such as defendant to keep land subject to being overrun by fire cleared of combustible materials. The risk and harm encountered clearly fall within the scope of protection of the statute. Hence the defendant's violation thereof constitutes negligence per se. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962). On the other hand, there is nothing in the record to indicate that plaintiff assumed defendant's responsibility of maintaining the right of way clear of combustible materials by entering into the lease agreement. Under the circumstances presented, we cannot say that the trial judge's findings of fact exonerating plaintiff of contributory negligence are clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973).
With regard to damages, there is little dispute as to the loss to the building. Mr. Robert C. Wilson, an independent appraiser and insurance adjuster stipulated to as an expert, testified by deposition that the estimated replacement cost value of the building destroyed was $8,552.40, less depreciation of $1,282.80, or an actual cash value of $7,269.80. The building, contents excluded, *748 was insured for $6,000.00, thus the actual loss to plaintiff is $1,269.60. It is the contents of the building, their value and proof thereof which is disputed on appeal.
Plaintiff introduced two depositions into evidence to prove the amount of damages to the building's contents. The first was that of Mr. Wilson, who was employed by Hanover Insurance Company, which afforded coverage in the sum of $11,000 on both the building and contents. Mr. Wilson compiled his statement from data supplied to him by Thomas David Bell, son of plaintiff company's president and employee of LaSalle Pump. Mr. Bell provided Mr. Wilson with "an inventory", prepared following the fire, which the latter used to compile a Statement and Proof of Loss. Mr. Wilson had no other firsthand knowledge as to the claimed inventory loss other than having viewed the remains of the fire when preparing the estimate on the building loss.
The second deposition, that of Mr. Bell, indicates that he did not take the inventory relied upon by Mr. Wilson, although he did collect part of the data used in its compilation. Mr. Bell testified that a Mr. Ray Melvin prepared the inventory with the assistance of a Mr. Ganey. No sales records were introduced to indicate which items were sold prior to the sale. Neither Messrs. Wilson nor Bell were able to explain the method or procedure used to make the post-fire inventory. Appellant objected to valuation of the contents on the basis of said inventory as hearsay. Appellant maintains that objection on appeal. We find merit in the specification of error.
It is axiomatic that hearsay evidence is generally inadmissible as being unreliable, because it is based on statements made by persons who are not before the court, have not been sworn, and are not available for cross-examination. Manuel v. American Employment Insurance Co., 212 So.2d 527 (La.App. 3rd Cir.1968). Article 2248 of the Louisiana Civil Code provides:
Art. 2248. Books of merchants as evidence. The books of merchants can not be given in evidence in their favor; they are * good evidence against them, but if used as evidence, the whole must be taken together.
*English translation of French text incomplete; should include "on the contrary." C.C. arts. 2249, 2250.
The first part of Article 2248 has, in great part, been disregarded by Louisiana courts. Comment, Business Records in Louisiana as an Exception to the Hearsay Rule, 21 LA.L.REV. 449 (1961). The harshness of the rule was recognized in Crosby v. Little River Sand & Gravel Development, 212 La. 1, 31 So.2d 226 (1947) wherein it was stated: "This court in recent years has greatly relaxed the stringent rule of Article 2248, and under modern business methods to apply the rule would in many instances work grave injustices." In its place, Louisiana Courts have recognized the business records exception to the hearsay rule. The requirements of the exception may be summarized as follows: (1) persons concerned with recording the information must be unavailable for testimony, or production of such persons would be a needless burden; (2) the first collected record available or useable by the court is introduced; (3) the records are identified at the trial by one familiar with the bookkeeping procedure; and (4) the evidence seems reliable in light of the following factors (a) contemporaneousness of the entry with the occurrence recorded, (b) firsthand knowledge of the entrant, (c) existence of a business or professional duty to record or report the facts in the regular course of business, (d) completeness and honest appearance of the books, (e) absence of fraud in making the entries or in destroying the supporting memoranda and (f) perhaps whether the book belongs to a third party. Comment, 21 LA.L.REV. 449 (1961); Newspaper Production Co. v. Perry, 404 So.2d 1331 (La.App. 2nd Cir.1981); Herlitz Construction Co., Inc. v. Clegg Concrete, Inc., 378 So.2d 1002 (La.App. 1st Cir., Aff'd 415 So.2d 387 (La.1982); Crosby v. Little River Sand & Gravel Development, supra; Miles v. New Orleans Public Service, Inc., 393 So.2d 877 (La.App. 4th Cir.1981); City Stores Co. v. Jordan, 211 So.2d 709 (La.App. 4th Cir.1968); Vining v. State Farm Life *749 Ins. Co., 409 So.2d 1306 (La.App. 2d Cir. 1982); Beasley v. Service Foundry Div. Avondale Shipyards, Inc., 235 So.2d 139 (La. App. 4th Cir.1970); and Talley v. Duplantis, 213 So.2d 82 (La.App. 1st Cir.1968). See also, Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); McCORMICK, EVIDENCE Ch. 31 (2d Ed.1974); and United States v. Oates, 560 F.2d 45 (2d Cir.1977).
As aforementioned, Mr. Wilson lacked personal knowledge vis-a-vis the inventory upon which he based his estimate of loss. No explanation can be found in the record to account for the absence of Messrs. Melvin and Ganey from the proceedings and while there is no reason to believe the inventory was not the first collected record available, neither Messrs. Wilson nor Bell could explain the method and procedure used to calculate the inventory. Furthermore, plaintiff's regular course of business is not estimating inventory after the fact, however, in light of our finding that the first and third of the above-mentioned requirements precedent to admission of business records are lacking, we need not address any remaining issues.
For the reasons assigned hereinabove, the judgment of the trial court awarding damages for loss of the contents of the building is hereby reversed and the case remanded to allow plaintiff to prove said damages by competent evidence. In all other respects, the judgment appealed is affirmed. Costs are cast equally between the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

ON REHEARING
In Application for Rehearing defendant contends we erred in remanding the case for taking of additional evidence relative to damages, rather than dismissing plaintiff's claim, inasmuch as the parties had stipulated that evidence be limited to that adduced in a prior related federal proceeding. We found the evidence to be incompetent as constituting hearsay. We now address the effect to be given the stipulation of counsel.
By letter dated October 1, 1981, signed by counsel for defendant, the parties allegedly agreed to limit the evidence to the transcript in Hanover Ins. Co. v. Louisiana Midland Railroad Co., Inc., (No. 79-0163-A, U.S. District Court, W.D.La.) subject to exception and with reservation of objection. It appears that counsel for plaintiff expressed assent to the stipulation via phone and again, thereafter, by acquiescence, at trial.
The stipulation expressly provides that the evidence shall be limited to only that adduced in the federal proceeding and the deposition of Mr. Robert Wilson, taken pursuant to said proceeding, would be introduced in lieu of his testimony. However, the stipulation also provides that all rights to objection are reserved. Needless to say, the parties accord differing interpretations to the scope of their pre-trial agreement. Plaintiff contends the stipulation was entered for the purpose of conserving time and court costs on the part of all parties and was not intended to preclude recovery by its very terms. Defendant maintains the plaintiff has been given ample opportunity to prove his case and the stipulation, constituting the law between the parties, precludes taking of additional evidence. Plaintiff contends the intention of the parties is, at best, ambiguous and, therefore, in the interests of justice the case should be remanded to allow for additional evidence. We agree.
A similar situation was presented in Guilott v. Guilott, 326 So.2d 551 (La.App. 3rd Cir.1976), wherein this court stated:
"It is obvious that the stipulation was the foundation of the whole trial, and caused both parties to omit presenting much essential evidence. The confusion may have resulted, in part, from a misinterpretation of Slater v. Culpepper [233 La. 1071, 99 So.2d 348], supra, but regardless of the cause, we find the record so incomplete that proper adjudication of the remaining issues is impossible. It would be grossly unfair to indulge in a guessing game as to the intent of the *750 parties in order to determine what has or has not been proved when so much is lacking in the record. The record itself furnishes no clues for interpreting the action of the parties.
LSA-C.C.P. Art. 2164 provides that an appellate court may render any judgment which is just, legal and proper. Although the law favors prompt disposition of cases and the avoidance of protracted litigation, under this article an appellate court is empowered to remand a case for a new trial or for introduction of additional evidence to prevent a miscarriage of justice. Bidwell v. Binnings Construction Company, Inc., 228 So.2d 240 (La.App. 1st Cir. 1969). See also Herbert v. Travelers Indemnity Company, 255 La. 645, 232 So.2d 463 (1970).
We have minutely examined the merits of this case and find the inexactness of the record, the lack of clarity of the stipulation, and other errors to be of such magnitude that we are unable to pronounce judgment according to conscience and the requirements of justice. See Bruney v. Bruney, 230 La. 30, 87 So.2d 718 (1956); See also former Art. 906 of the Louisiana Code of Practice, the Official Revision Comments, Section (c) to LSA-C.C.P. Art. 2164; Savin v. Savin, 216 La. 71, 43 So.2d 221 (1959). The stipulation itself, which is subject to different interpretations, depending on the party relying on same, prevented the reception of evidence which this court needs to properly adjudicate the remaining issues. To prevent a miscarriage of justice, therefore, we feel constrained to remand for a new trial...."
We find that the ends of justice would be best served by remanding the case for the reception of additional evidence. Accordingly, we adhere to our original opinion.