DOUCET, Judge.
This case comes before us on appeal after we remanded it on an earlier appeal for the purpose of re-litigating the damage to the contents of a warehouse owned by La-Salle Pump & Supply Co. (hereinafter referred to as LaSalle), plaintiff-appellee, which were destroyed by a fire negligently caused by La. Midland Railroad Co. (hereinafter referred to as Midland), defendant-appellant. On remand the trial court held that the plaintiff had sufficiently proved these damages with competent evidence and awarded LaSalle $82,607.58 plus costs and legal interest from the date of judicial demand. Midland perfected this appeal.
This lawsuit arises from a fire which destroyed a warehouse and most of its contents. LaSalle, as the owner of the warehouse and most of its contents, filed this suit against Midland for these damages which it alleged were caused by Midland’s negligence. After a trial on the merits LaSalle was awarded damages in the amount of $78,000.00. Midland appealed the trial court’s judgment regarding this liability and the evidence used to prove the damage to the contents of the warehouse. In LaSalle Pump & Supply Co. v. Midland Railroad Co., 433 So.2d 745 (La.App. 3rd Cir.1982), writ denied, 435 So.2d 450, we held that Midland was negligent in causing the damaging fire and liable to LaSalle for whatever damages that were *770 incurred. It was established that the warehouse was completely destroyed and after deducting the insurance payment, the actual monetary loss amounted to $1,269.60, which was part of the damage award. However, the extent and amount of the loss sustained by LaSalle from the destruction of the warehouse’s contents was vigorously disputed.
At the original trial the depositions of Mr. Robert Wilson, w;ho is an appraiser for LaSalle’s insurance company, and Mr. Thomas Bell, who is a clerk for LaSalle, were introduced over objection in order to prove the amount of the damage to the contents of the warehouse. Mr. Wilson’s testimony was based on an inventory compiled by Mr. Bell. Mr. Bell’s inventory was based upon an inventory of the destroyed items in the warehouse prepared by Mr. Sherman Ganey and Mr. Ray Melvin, who actually sifted through the debris of the fire and made lists of whatever destroyed items that they found. This original inventory, compiled by Mr. Melvin and Mr. Ga-ney, was then turned over to Mr. Bell who used this raw data to compile his final inventory with the assigned cost of the lost items. On the basis of this inventory, Mr. Bell and Mr. Wilson testified to the sum of the damages in court. As stated, these depositions were the sole evidence used at trial to prove the damage to the contents of the warehouse. On the basis of these depositions the trial court awarded damages to LaSalle.
Midland appealed and we held that the depositions used to compute the damages to the warehouse’s contents sustained by LaSalle were inadmissible hearsay. After affirming the judgment with respect to La-Salle’s fault in causing the fire, we remanded the case for the purpose of receiving additional competent evidence to prove La-Salle’s damages incurred by the destruction of the warehouse contents. Supra, 433 So.2d 745 (La.App. 3rd Cir.1982).
At the second trial Mr. Melvin and Mr. Ganey testified about their method and procedure in compiling their lists of the destroyed items. Both men testified that they alternated in sifting through the debris while the other wrote down each destroyed item as it was called out. Once an item had been called out and listed, it was separated from the immediate area in order to avoid counting an item twice. Furthermore, both men testified that under the instructions of the company president, Mr. David Bell, they only listed items that were totally destroyed and that were unquestionably the property of LaSalle. These instructions were necessary because some of the destroyed items in the warehouse were not the property of LaSalle. After these lists were completed, both men said that they were then turned over to Mr. Thomas Bell. Mr. Bell testified that he reorganized this raw data into a more organized inventory in order to facilitate the pricing of the destroyed items. According to Mr. Bell, the cost assigned to each item was the original wholesale cost and, based on this inventory, he computed the total loss incurred through damages to the warehouse’s contents. This inventory was introduced and identified at the trial.
The trial court held that with the supporting testimony of Mr. Ganey and Mr. Melvin, the final inventory prepared by Mr. Bell is not hearsay but is competent evidence which proves the extent and cost of the damage to the contents of the destroyed warehouse. With respect to the insurance proceeds, the trial court held that $6,000 was to be applied to the loss of the warehouse itself. The remaining $5,000 was to be applied to losses that were not included in the final inventory. Therefore, the $5,000 was not to be subtracted from the final award because it was not used to compensate LaSalle for losses incurred from the fire. The sum of $82,607.52 represented only the cost of the destroyed items in the warehouse which belonged to LaSalle. The trial court assessed Midland with costs of the litigation and awarded LaSalle legal interest from the date of judicial demand.
Midland assigned the following errors by the trial court:
*771 SPECIFICATION OF ERRORS
1. The trial court erred in awarding damages when the plaintiff did not present additional competent evidence to prove the amount of damaged property.
2. The trial court erred in accepting into evidence hearsay evidence to determine the amount of the award.
3. The trial court erred in awarding damages based upon the assumption that the evidence presented was a qualified exception to the “Business records exception to the Hearsay Rule”.
4. The trial court erred in determining damages when the first collected records available or useable by the Court were not produced at the trial.
5. The trial court erred in awarding damages when the plaintiff did not carry the burden of proof in proving damages.
6. The trial court erred in not reducing the damages awarded to plaintiff by subtracting an amount equivalent to the value of the property owned by customers; which equipment was erroneously placed on plaintiffs inventory.
7. The trial court erred in not reducing the damages awarded by subtracting the salvage value and the subrogation check.
8. The trial court erred in awarding damages to non parties to the suit.
9. The trial court erred in assessing all costs of court against the defendant, when this court allocated one-half of the costs to each party.
10. The trial court erred in awarding interest from date of judicial demand when the defendant prevailed on appeal, because of plaintiffs lack of proof.
The first eight assignments of error can be disposed of together because they deal with the nature of the evidence used to prove damages and the impact of this evidence on the final damage sum awarded. The essence of the appellant’s argument is that without the original lists that were prepared by Mr. Melvin and Mr. Ganey, the final inventory of Mr. Bell remains inadmissible hearsay and, because this inventory is the basis of the plaintiffs proof of damages, their burden of proving damages was not sustained.
It is axiomatic that hearsay evidence is generally inadmissible as being unreliable because it is based on statements made by persons who are not before the court, have not been sworn and are not available for cross-examination. LaSalle Pump & Supply Co., supra; Manuel v. American Employers Insurance Co., 212 So.2d 527 (La. App. 3rd Cir.1968). At the original trial on the merits, the depositions of Mr. Bell and Mr. Wilson were hearsay evidence because the deponents did not have first-hand knowledge of the substance of their testimony but instead relied on information provided to them by persons who did not testify at the trial or withstand the scrutiny of cross-examination. We originally remanded this case for the purpose of allowing LaSalle to provide the trier of fact with the testimony of persons with first-hand knowledge of the method and procedure used in actually determining which items were destroyed and how they got on their lists. On remand two additional witnesses testified in explicit detail about how the original list of destroyed items was prepared. Mr. Melvin and Mr. Ganey both testified that they actually sifted through the debris and listed only items that were totally destroyed and only the property of LaSalle. They testified that these lists were then given to Mr. Bell who testified that he used these lists as raw data in computing'the amount of the damage after these lists were reorganized and copied into a more coherent form. This final inventory was then introduced on remand in order to prove the damage to the contents of the warehouse caused by the fire.
The appellant argues that without the original lists compiled by Mr. Ganey and Mr. Melvin, the final inventory prepared by Mr. Bell remains inadmissible hearsay. This argument is without merit. The testimonies of Mr. Ganey and Mr. Melvin cured the hearsay character of the final inventory. No part of this testimony was based on information provided by someone *772 unavailable to testify at the trial. The appellant was able to cross-examine each person who played a role in compiling the final inventory. The original lists of Mr. Ganey and Mr. Melvin are immaterial because both men testified under oath and subject to cross-examination about how they proceeded in compiling their lists and to whom they were given. Any discrepancies or questions of credibility with respect to the compilation of the final inventory would have been noticed by the trial judge who was the trier of fact in this case. The damages incurred by LaSalle resulting from the destruction of the contents of the warehouse was proved by a preponderance of competent evidence.
We find no error in the final damage sum awarded by the trial court in its judgment. Midland argues that the amounts for the possible salvage of damage items, the amount for destroyed property that did not belong to LaSalle, and $5,000 of the $11,000 insurance check should be subtracted from the final damage sum. These arguments are without merit. The trial court concluded, after hearing the testimony of those persons who calculated the final loss, that only totally destroyed items and only items clearly belonging to LaSalle were included in the final inventory. This conclusion is factual and will therefore not be disturbed on appeal because it is not clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Therefore none of these subtractions are warranted because only losses actually sustained by LaSalle were included in the inventory. We find no error in the final damage sum awarded by the trial court in its judgment.
Assignment of error number nine addresses the issue of legal costs. On the original appeal, the appellate costs were assessed equally between the parties pursuant to La.C.C.P. art. 2164. The appellant argues that because the original appeal did not stipulate that the costs assessed on the original appeal were merely appellate costs, the trial court was in error when it assessed litigation costs on the defendant in its judgment after the remand litigation. This argument is without merit. The original appeal assessed appellate costs only. The trial court was free to assess litigation costs on whichever party is deemed appropriate. The trial court’s assessment of litigation costs on the defendant-appellant is affirmed.
Finally, assignment of error number ten addresses the issue of legal interest. The appellant contends that because of the plaintiffs delays, the resolution of this matter was delayed. This argument is without merit. The trial court awarded legal interest to the plaintiff pursuant to La.C.C.P. art. 1921 which sanctions such an award as provided by law. LSA-R.S. 13:4203 provides for the award of legal interest from the date of judicial demand in damage suits. Although incompetent evidence was admitted and used in the first trial, this fact does not diminish the fact that the defendant-appellant’s negligence is solely responsible for the necessity of this lawsuit. The appellant’s argument is rejected and the trial court’s judgment is affirmed.
We consider this appeal to be frivolous, and according to La.C.C.P. art. 2164 an award in the amount of $1,250.00 is to be assessed against Midland.
For the foregoing reasons the judgment of the trial court is affirmed. Defendant-appellants are assessed the costs of this appeal.
AFFIRMED.