470 So.2d 964 (1985)
AMERICAN SUPPLY CO. OF MORGAN CITY, INC.
v.
GENINA MARINE SERVICES, INC.
No. 84 CA 0125.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Rehearing Denied June 27, 1985.
*965 Robert S. Robertson, Robert S. Robertson, Ltd., Morgan City, for plaintiff.
H.P. Rowley, III, New Orleans, for defendant.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an action on open account brought by American Supply Co. of Morgan City, Inc., against Genina Marine Services, Inc. The trial court rendered judgment in favor of American Supply in the sum of $7,212.56 with interest and attorney's fees. Genina appealed, and American Supply answered the appeal, seeking damages for a frivolous appeal. We affirm.
A third corporation, Briley Marine, purchased the items reflected on the open account. American Supply contends Briley Marine purchased the items as Genina's agent. There is no dispute as to the accuracy of the items shown on the copies of the invoices introduced to prove the account. However, Genina contends Briley Marine was not Genina's agent and that the account was not proved in accordance with law.
The record reflects that the president of Genina, Brightman Kornegay, was an invalid, and that his business affairs were managed first by his wife and then (after his son's graduation from Tulane University) by his son, Brightman, Jr. An agreement was entered into by Genina and Briley Marine by which Briley Marine would purchase provisions for Genina's vessels at Morgan City, in a general way manage the vessels, and pay the receipts over to Genina. This arrangement lasted for several years, from 1978 until April of 1983. Briley Marine made purchases from American Supply on behalf of Genina on the basis of work orders made up by Briley Marine, and received invoices from American Supply. Brightman, Jr., or occasionally his father or his father's nurse, would pick up the invoices which American Supply had prepared, which Briley left in a box in Briley Marine's office designated for Genina. Genina would then pay American Supply directly. Over the period 1978-1983, according to Herbert LeBlanc, former purchasing director of Briley Marine, between $70,000 and $100,000 of purchases were made under this system. Finally Briley Marine filed for bankruptcy under Chapter 11 of the Bankruptcy Act. A relatively small amount of invoices, $7,212.56, had not been paid to American Supply when bankruptcy was filed for by Briley Marine. On this sum, American Supply demanded payment by letter addressed to Genina, and delivered to Briley. This is the principal amount for which judgment was rendered.
It is quite clear that an agency relationship was established by which Briley Marine made purchases on open account on behalf of Genina as principal and with Briley Marine as Genina's agent. Between $70,000 and $100,000 worth of goods were purchased by Briley Marine on behalf of Genina from American under this arrangement. Brightman, Jr., picked up the invoices at Briley Marine's office in a box designated for Genina and paid them, with the exception of the amount sued upon herein. A working agency relationship was established. We thus find that Briley Marine made the purchases in question from American Supply acting as Genina's agent.
Genina contends, however, that the copies of invoices introduced in evidence were wrongfully admitted into evidence, and hence that American Supply did not prove its case. It is true that a four-fold test is generally applied by the courts in determining whether or not business records are admissible in evidence. This test is (1) whether the person who himself made the record is unavailable for testimony, or production of said person would be a needless burden; (2) the writing is the first *966 writing reflecting the transaction; (3) the records are identified at trial by one familiar with the bookkeeping procedure used by the business keeping the records, and (4) the evidence is reliable. See Herlitz Construction Co. v. Clegg Concrete, Inc., 378 So.2d 1002 (La.App. 1st Cir.1979). See as well LaSalle Pump & Supply Co. v. Louisiana Midland Railroad Co., 433 So.2d 745 (La.App. 3rd Cir.1982), writ denied, 435 So.2d 450 (1983).
In the present case, American Supply's president, H.J. Broussard, and its office manager, Barbara A. Delaune, both identified the copies of the invoices sued upon. The originals of the invoices had been left in Genina's box at Briley Marine, and were picked up by Brightman Kornegay, Jr. They had been subpoenaed by American Supply, but Genina had failed to honor the subpoena. The arrangement for picking up the invoices had further been attested to by Norton Bailey, former vice-president of operations of Briley Marine, and by Herbert LeBlanc, former purchasing manager of Briley Marine. It is implicit in the testimony of H.J. Broussard that a needless burden would have been imposed upon American Supply for it to have called as a witness each employee who conducted a sale to Genina through Briley and prepared an invoice for Genina to pay. There is no genuine dispute as to the correctness of the account as sought to be proven by American Supply. Hence, we hold the invoices were properly admitted, and the account duly proven.
Genina further contends that the attorney's fee awarded under the authority of LSA-R.S. 9:2781 was improper, as proper demand was lacking. The demand letter was mailed by certified mail, return receipt requested, to Briley Marine as Genina's agent. The agency relationship has been duly proven, as we have established. This contention lacks merit.
Finally, in its answer to Genina's appeal, American Supply seeks damages for a frivolous appeal. Damages for a frivolous appeal are not favored. See Midco Louisiana Co. v. Aquatic Equipment & Engineering, Inc., 423 So.2d 10 (La.App. 1st Cir.1982). Although we do not agree with appellant's contentions, we cannot say they were made solely for purposes of harassment. Hence, damages for a frivolous appeal are denied.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.