WATKINS, Judge.
Service Electric of Louisiana, Inc., sued Genina Marine Services, Inc., on open account. The balance on the alleged open account was $1699.00, in which sum the trial court awarded judgment. We affirm.
The trial court found that the account had been duly proven, and that an agency relationship had been established between Genina and Briley Marine (now bankrupt), under which Briley Marine contracted with Service Electric on behalf of Genina. Appellant disputes these holdings. We find that Brightman Kornegay, principal owner of Genina, was fully aware of the work being done by Service Electric as is revealed by the uncontradicted testimony of Isaac Darbonne, co-owner and vice-president of Service Electric, and that it was therefore unnecessary for plaintiff to establish the existence of an agency relationship. However, the testimony of Mr. Dar-bonne, similarly uncontradicted, reveals the existence of an agency relationship between Genina and Briley, Mr. Kornegay frequently having talked to Owen Moxley of Briley Marine about work done by Service Electric on a Genina boat. Although in a proceeding in the United States Bankruptcy Court for the Western District of Louisiana (Case No. 483-OOlOO-LO) it was held that Briley Marine was not Genina’s agent, we note that we held the opposite in American Supply Co. v. Genina Marine Services, Inc., 470 So.2d 964 (La.App. 1st Cir.1985), writ denied, 475 So.2d 1107 (La.1985), and that in any event the full records in those proceedings are not now before us. We therefore hold the existence of an agency relationship was duly proven In the present case.
As to the proving of the account, we noted in the earlier Genina case, that it had been held in Herlitz Construction Co. v. Clegg Concrete, Inc., 378 So.2d 1002 (La. App. 1st Cir.1979), that the test to establish the proving of an open account is whether (1) the person who himself made the record is unavailable for testimony, or production of said person would be a needless burden; (2) the writing is the first writing reflecting the transaction; (3) the records are identified at trial by one familiar with the bookkeeping procedure used by the business keeping the records, and (4) the evidence is reliable. In the present case, the reliability of the account is not denied by Genina. Likewise, Mr. Darbonne called by plaintiff to prove the account, showed complete familiarity with the account, and the record thereof. It is true Mr. Darbonne did not keep the accounts. But the record in this case indicates that the accuracy of the account records went unchallenged. Under these circumstances, calling the person who made the entries would be a needless burden on plaintiff. We therefore hold that the record of the account was properly admitted in evidence, and that the account was duly proven.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.