DUFRESNE, Judge.
Plaintiff appeals the decision of the trial court granting defendant’s motion for directed verdict. Plaintiff, The Administrators of the Tulane Educational Fund, filed suit against Martha Waters for payment of outstanding tuition, student center charges and traffic fines in the amount of $8,088.21, as well as attorney’s fees and court costs.
Plaintiff alleges that from January, 1978 through December, 1980, the defendant, Martha Waters, was admitted and enrolled as a student at Tulane University in New Orleans. During this tenure she failed to-fully pay her tuition, student service charges and traffic fines.
Defendant affirmatively defends by arguing that any debt owed Tulane was her father’s financial responsibility because she was only 17 years old at the time she was admitted in January, 1978, and further asserted that no amount was due plaintiff.
*28 After plaintiffs Motion for Summary-Judgment was denied, the matter proceeded to a trial on the merits.
At trial, Tulane presented testimony of only one witness, Miss Rose Braun, an employee in the accounts receivable office at Tulane. She testified that she worked at Tulane for four years and was presently employed in the old accounts and as a consequence of her employment she had knowledge of defendant’s indebtedness after examining the student’s account receivable record. Furthermore, Miss Braun testified that according to Tulane’s records, Ms. Waters was over 18 years of age when she registered in January, 1978 and had in fact signed her registration forms for each semester in which she was enrolled at Tulane.
The defendant objected to the admissibility of Miss Braun’s testimony because she was not employed at Tulane during the period of time that defendant was a student and could not personally identify any of Tulane’s documentation.
After Miss Braun’s testimony, defendant moved for a directed verdict on the grounds that the witness identified certain records and testified to their authenticity when she had no personal knowledge that they were Tulane’s official records. Additionally, defendant argued that the records had only reflected an indebtedness of $3,282.00.
In granting defendant’s Motion for Directed Verdict, the trial court gave the following oral reasons:
In connection with the testimony of the Plaintiff it has been produced and presented with this Plaintiff’s institution with the breakdown from Plaintiff’s institution. In conjunction with the presentation, three evidences of personal indebtedness, none of which has been identified as being signed by the Defendant. The Defendant could have been called under cross and asked to identify this particular document to verify this signature. The Court cannot make presumptions. The Court is bound to have identifications of documents made. Further even conceding that the three documents have been signed by the Defendant here in question, those are the only three for which any personal exposure has been shown. Assuming that is correct, then the allocation of payments — I have no way of knowing that the institution of payments, although they are on here, do not go to those three indebtedness. There is nothing for this Court to rule on because there has been insufficient evidence elicited to the debt and the debtor. Accordingly, Counsel, I’m going to grant your motion for directive verdict and dismiss Plaintiff’s lawsuit.
From this decision Tulane has appealed contending the evidence adduced at trial was admissible and sufficient by a mere preponderance proving defendant’s indebtedness to plaintiff in the amount of $8,088.00.
Miss Rose Braun testified on behalf of plaintiff, that she was not employed by Tulane during the time defendant was a student, therefore had no personal knowledge of the registration and disclosure forms allegedly filled out and signed by defendant. However, Tulane argued that because Miss Braun is now employed by Tulane and works in the accounts receivable office, she is familiar with Tulane’s official procedures and records, consequently her testimony standing alone will satisfy the evidentiary requirements for placing Tulane’s business records into evidence and having them constitute part of the trial record.
It is true that a four-fold test is generally applied by the courts in determining whether business records are admissible in evidence. This test is (1) whether the person who himself made the record is unavailable for testimony, or production of said person would be a needless burden; (2) the writing is the first writing reflecting the transaction; (3) the records are identified at trial by one familiar with the bookkeeping procedure used by the business keeping the records; and (4) the evidence is reliable. See: Comment: Business *29 Records in Louisiana as an Exception to Hearsay Rule, 21 La.L.Rev. 449.
We hold that the trial court erred in granting defendant’s Motion for Directed Verdict, and find no merit to defendant’s objection to the admissibility of Miss Braun’s testimony as to Tulane business records and information contained therein. The necessary authenticating predicate for admission of Tulane’s business records evidence was satisfied by the showing that Miss Braun was in a custodial capacity and able to explain the record-keeping procedures and information. The records themselves to which she testified, and the information contained therein, meet the requirements for admissibility under the business records exception to the hearsay rule. American Supply Co. v. Genina Marine Services, 470 So.2d 964 (La.App. 1st Cir.1985).
In the present case, plaintiff properly and sufficiently met the prerequisites necessary for the admissibility of Miss Braun’s testimony. Accordingly, based on the sufficiency of proof, we conclude that the business records exception to the hearsay rule does apply in this case and that the trial court erred in granting the directed verdict. Hence, we hold Tulane’s business records were properly admitted and plaintiff has established a prima facie case of defendant’s indebtedness.
We therefore remand to the trial court for the presentation of defendant’s case in chief, and for the conclusion of the trial on the merits. All costs of this appeal to await the outcome of this case.
REVERSED AND REMANDED.