ALFRED A. MANSOUR, Judge Pro Tem.
Plaintiff, The Prudential Insurance Company of America, filed a petition for foreclosure by ordinary process against Kinney Plantation, Inc. Plaintiff alleged that it is payee and holder of defendant’s promissory note dated March 2, 1979, in the original amount of $2,750,000.00; that the note was secured by an act of mortgage and chattel mortgage; that there is a balance due of $2,711,419.00; that the defendant failed to pay the annual installment maturing on March 1, 1983; and, that under the acceleration provisions of the note and mortgage the entire balance is due and payable together with interest from July 25, 1983, *1212 until paid, and attorney fees. The petition further alleged that there had been two Acts of Partial Release of Mortgage executed by plaintiff by which certain parcels of the mortgaged property had been released from the mortgage.
Other than admitting its name, corporate status, domicile and the two Acts of Partial Release of Mortgage, defendant’s answer amounted to a general denial. No affirmative defenses were alleged. Subsequently, defendant filed a supplemental answer alleging the extinguishment of the obligation in accordance with Article 1005 of the Louisiana Code of Civil Procedure. The supplemental answer contained no allegations of fact.
After trial, judgment was rendered as prayed for by plaintiff. We affirm.
Defendant assigned two specifications of errors:
“1) The Trial Court erred in admitting the computer print-out of PRUDENTIAL'S account with KINNEY as a business records exception to the hearsay rule of evidence rather than requiring the authenticated business records of the account.
2) There was insufficient evidence presented by PRUDENTIAL to carry its burden of proof that the March 1, 1983 payment had not been paid by KINNEY and to rebut the affirmative defense of extinguishment of the obligation.”
Mary Loretta Dexter was called as a witness by the plaintiff. She testified that she had been employed by Prudential for 34 years in different capacities such as office supervisor, accounting assistant and real estate specialist. Her duties include supervision of mortgage loan records, payments on mortgage loans and the collection of such payments. (These duties were performed by her before and after 1979.) Defendant’s mortgage loan was under her supervision and she had personal knowledge of it. She brought with her a photo copy of a computer print-out of defendant’s account. She testified that the computers which store the information are located in Van Nuys, California. In 1974 she had spent one week in Van Nuys becoming acquainted with the computer system as it related to her duties.
When asked how she was able to determine the accuracy of the information stored in the computer she replied: “Well, we have several ways. We get a monthly micro-fiche that show the ledger for every card. If a loan is delinquent, for example, and under our jurisdiction, we get a daily print-out that would give a line as to anything that went onto that record. If a change of address were even submitted, we would see that come through. We see anything that was going on that record, and we would get a daily print-out on that information.”
Ms. Dexter said that the information contained in the computer, and on the computer print-out, is the first and only record of the loan payments. She testified that the last payment received on the loan was made on July 20,1982, which made the loan current through March 1, 1982. The payment due on March 1, 1983, was not made. At the time of the trial three payments were past due. Defendant never complained to her office that the statement of account was incorrect.
In LaSalle Pump & Sup. Co. v. La. Midland R. Co., 433 So.2d 745 (La.App. 3 Cir.1982), writ denied, 435 So.2d 450 (La.1983), we set forth the requirements of the business records exception to the hearsay rule:
“(1) persons concerned with recording the information must be unavailable for testimony, or production of such persons would be a needless burden; (2) the first collected record available or useable by the court is introduced; (3) the records are identified at the trial by one familiar with the bookkeeping procedure; and (4) the evidence seems reliable in light of the following factors (a) contemporaneousness of the entry with the occurrence recorded, (b) firsthand knowledge of the entrant, (c) existence of a business or professional duty to record or report the facts in the regular course of business, (d) completeness and honest appearance of the books, (e) absence of fraud in making the entries or in destroying the *1213 supporting memoranda and (f) perhaps whether the book belongs to a third party.”
In State v. Hodgeson, 305 So.2d 421 (La.1975), the Louisiana Supreme Court adopted the Nebraska and Mississippi rules for the admission of computer records and print-outs:
“... we hold that print-out sheets of business records stored on electronic computing equipment are admissible in evidence if relevant and material, without the necessity of identifying, locating, and producing as witnesses the individuals who made the entries in the regular course of business if it is shown (1) that the electronic computing equipment is recognized as standard equipment, (2) the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and (3) the foundation testimony satisfies the court that the sources of information, method and time of preparation were such as to indicate its trustworthiness and justify its admission.”
Ms. Dexter was familiar with plaintiffs procedures in recording payments made on mortgage loans under her jurisdiction. When the payments were made through a bank, the bank would forward the payment information to plaintiffs office in Van Nuys. The information would then be stored in the computer, and notice of the payment (or delinquency) would be transmitted immediately to Ms. Dexter’s office. If a default occurred she would notify the debtor of the delinquency. Thus, her office kept an up-to-date record of the account under her jurisdiction. Plaintiff used standard computing equipment; the entries were made in the regular course of business at or reasonably near the time of the happening of the event recorded; and, Ms. Dexter’s testimony satisfies this Court that the information contained in the computer, and the computer print-out, is correct. The trial court did not commit error when it admitted the computer print-out into evidence.
Defendant offered no evidence to rebut Ms. Dexter’s testimony, or the information contained on the computer printout. However, defendant argues that the answers to interrogatories propounded to plaintiff are inconsistent and that they show that more was paid on the debt than is acknowledged by plaintiff. The interrogatories and answers were admitted into evidence over the objection of plaintiff that they were outside the scope of defendant’s pleadings. Although there is an apparent discrepancy between the answers of two of the interrogatories concerning the amounts credited to defendant’s account, the testimony of Ms. Dexter and the computer print-out resolve any such inconsistency. Furthermore, letters in the record show that each time a demand was made for the delinquent payment, defendant answered with a request for an extension of time in which to make the payment. Defendant never complained that the balance was incorrect. We are satisfied that plaintiff proved by a preponderance of the evidence the balance found by the trial court to be due, and that the installments due on and after March 1, 1983, were delinquent.
Although defendant complains that Prudential did not give proper credit for all of the payments made by it, and that the March 1, 1983, payment was not delinquent, it did not offer any cancelled checks, receipts or other evidence to substantiate its claim.
An appellate court may not disturb a trial court’s findings and conclusions of fact in the absence of clear or manifest error, or abuse of discretion. McCaskill v. Welch, 463 So.2d 942 (La.App. 3 Cir.1985), writ denied, 466 So.2d 469 (La.1985). We can not say that the district judge committed manifest error or abuse of discretion in his findings of fact.
For the foregoing reasons, the judgment of the District Court is affirmed. All costs in both courts are assessed to defendant-appellant.
AFFIRMED.